```
18:00   1              IN THE UNITED STATES DISTRICT COURT
                      FOR THE NORTHERN DISTRICT OF TEXAS
        2                      DALLAS DIVISION

        3

        4   UNITED STATES OF AMERICA        (
                 Plaintiff,                 (
        5                                   (
            vs.                             (
        6                                   (
            MICHAEL COMER                   (    Number 3: 08-CR-085-N
        7   JOSE LOPEZ-AGUIRRE              (    Number 3: 07-CR-331-G
            EDUARDO SALDANA-VASQUEZ         (    Number 3: 08-CR-102-K
18:00   8   JOHN FRANKLIN ISOM              (    Number 3: 08-CR-072-N
                                            (
        9        Defendants.                (    June 10, 2008

       10

       11   _____

       12                        Rearraignment
               Before the Honorable Magistrate Judge Paul Stickney
       13   _____

       14   A P P E A R A N C E S:

       15

            For the Government:      PAUL YANOWITCH
       16                            KEITH ROBINSON
                                     CHARLES BROWN
       17                            UNITED STATES ATTORNEY'S OFFICE
                                     1100 Commerce Street
       18                            Dallas, Texas 75242
                                     Phone: 214-659-8600
       19                            Email: paul.yanowitch@usdoj.gov

       20
            For the Defendant Comer:
       21
                                     WILLIAM B. MATEJA
       22                            KIPRIAN MENDRYGAL
                                     Fish & Richardson
       23                            1717 Main Street, Suite 5000
                                     Dallas, TX 75201
       24                            Phone: 214/747-5070
                                     Fax: 214/747-2091 FAX
       25                            Email: mateja@fr.com
```

```
18:00   1    For the Defendant Lopez-Aguirre:

        2                          Brian O'Shea
                                   Law Office of Brian O'Shea
        3                          5646 Milton, Suite 330
                                   Dallas, TX 75206
        4                          Phone: 214/537-1475
                                   Fax: 214/739-1419
        5                          Email: boshea@sbcglobal.net

        6    For the Defendant John Franklin Isom:

        7                          MARK S. WERBNER
                                   CHRIS HOGUE
18:00   8                          SAYLES WERBNER
                                   4400 Renaissance Tower
        9                          1201 Elm Street
                                   Dallas, TX 75270
       10                          Phone: 214/939-8700
                                   Fax: 214/939-8787 FAX
       11                          Email: mwerbner@swtriallaw.com

       12    For the Defendant Saldana-Vasquez:

       13                          LAURA HARPER
                                   FEDERAL PUBLIC DEFENDER
       14                          525 Griffin Street, Suite 629
                                   Dallas, Texas 75202
       15                          Phone: 214-767-2647

       16    Reported by:          Cassidi L. Casey
                                   1100 Commerce Street, Rm 15D6L
       17                          Dallas, Texas 75242
                                       214-354-3139

       18

       19

       20

       21

       22

       23

       24

       25
```

P R O C E E D I N G S:

18:00  1

2           THE COURT:  Court is in session in the matter of

3  United States of America versus Antonio Lopez Aguirre,

4  Case Number 3:07-331-G.

5           MR. ROBINSON:  Keith Robinson for the United

6  States.

7           MR. O'SHEA:  Brian O'Shea for Mr. Lopez-Aguirre.

8           THE COURT:  Does the defendant need the services

9  of an interpreter?

10           MR. O'SHEA:  Yes, your Honor.

11           (Sworn)

12           THE COURT:  Mr. Lopez-Aguirre, I am going to

13  swear you under oath.  Would you raise your right hand.

14           (Sworn)

08:23 15           MR. LOPEZ-AGUIRRE:  Yes.

16           THE COURT:  Please state your full name for the

17  record.

18           MR. LOPEZ-AGUIRRE:  Jose Antonio Lopez-Aguirre.

19           THE COURT:  Do you understand that you are now

20  under oath and if you answer any of my questions falsely

21  you could later be charged with perjury or making a false

22  statement.

23           MR. LOPEZ-AGUIRRE:  Yes.

24           THE COURT:  Do you read, write and understand

25  the English language?

08:23  1            MR. LOPEZ-AGUIRRE:  No.

2            THE COURT:  Do you read, write and understand

3    the Spanish language?

4            MR. LOPEZ-AGUIRRE:  Yes.

5            THE COURT:  How old are you, sir?

6            MR. LOPEZ-AGUIRRE:  Twenty-nine.

7            THE COURT:  And in what year were you born?

8            MR. LOPEZ-AGUIRRE:  1979.

9            THE COURT:  In the last six months have you been

10   under the care of a physician or psychiatrist?

11           MR. LOPEZ-AGUIRRE:  Yes.

12           THE COURT:  And what was that for?

13           MR. LOPEZ-AGUIRRE:  For an examination and I'm

14   all right.

08:24 15           THE COURT:  Are you on any medication?

16           MR. LOPEZ-AGUIRRE:  No.

17           THE COURT:  Are you now under the influence of

18   alcohol or any other drug?

19           MR. LOPEZ-AGUIRRE:  No.

20           THE COURT:  Do you suffer from my mental or

21   emotional disability or problem?

22           MR. LOPEZ-AGUIRRE:  No.

23           THE COURT:  Are you of sound mind and do you

24   understand what you are doing here today?

25           MR. LOPEZ-AGUIRRE:  Yes.

08:24  1           THE COURT:  Mr. O'Shea, any reason to believe

2      that Mr. Lopez-Aguirre is not fully competent to enter a

3      plea of guilty?

4                  MR. O'SHEA:  No, your Honor.

5                  THE COURT:  Do you believe the plea that he is

6      proposing to make would be a knowing and voluntary plea?

7                  MR. O'SHEA:  Yes, your Honor.

8                  THE COURT:  If I could have you step to the side

9      while I call the next case which is United States against

10     Saldana-Vasquez.

11                 MR. BROWN:  Charles Brown for the government.

12                 MS. HARPER:  Laura Harper for Mr.

13     Saldana-Vasquez.

14                 THE COURT:  Does the defendant need the services

08:25 15  of an interpreter?

16                 MS. HARPER:  Yes, your Honor.

17                 (Sworn)

18                 THE COURT:  Are you Eduardo Saldana-Vasquez?

19                 MR. SALDANA-VASQUEZ:  Yes, sir.

20                 THE COURT:  Please raise your right hand and

21     I'll swear you under oath.

22                 (Sworn)

23                 MR. SALDANA-VASQUEZ:  Yes, sir.

24                 THE COURT:  Please state your full name for the

25     record.

08:25  1          MR. SALDANA-VASQUEZ:  Eduardo Saldana-Vasquez.

     2          THE COURT:  Do you understand that you are now

     3  under oath and if you answer any of my questions falsely

     4  you could later be charged with perjury or making a false

     5  statement?

     6          MR. SALDANA-VASQUEZ:  Yes, sir.

     7          THE COURT:  Do you read, write and understand

     8  the English language?

     9          MR. SALDANA-VASQUEZ:  No, sir.

    10          THE COURT:  Do you read, write and understand

    11  the Spanish language?

    12          MR. SALDANA-VASQUEZ:  Yes, sir.

    13          THE COURT:  How much English do you speak?

    14          MR. SALDANA-VASQUEZ:  Eighty percent.

08:26 15          THE COURT:  Are you more comfortable with an

    16  interpreter?

    17          MR. SALDANA-VASQUEZ:  With interpreter.

    18          THE COURT:  How old are you?

    19          MR. SALDANA-VASQUEZ:  Twenty-five years.

    20          THE COURT:  And in what year were you born?

    21          MR. SALDANA-VASQUEZ:  In 1983.

    22          THE COURT:  In the last six months, have you

    23  been under the care of a physician or psychiatrist?

    24          MR. SALDANA-VASQUEZ:  No, sir.

    25          THE COURT:  Do you suffer from any mental or

08:26 1   emotional disability or problem?

2            MR. SALDANA-VASQUEZ:  No, your Honor.

3            THE COURT:  Are you now under the influence of

4   alcohol or any other drug?

5            MR. SALDANA-VASQUEZ:  No, sir.

6            THE COURT:  Are you of sound mind and do you

7   understand what it is that you are doing here today?

8            MR. SALDANA-VASQUEZ:  Yes, sir.

9            THE COURT:  Ms. Harper, any reason to believe

10   that Mr. Saldana-Vasquez is not fully competent to enter a

11   plea of guilty?

12            MS. HARPER:  No, your Honor.

13            THE COURT:  Do you believe the plea of guilty

14   that he is proposing to make would be a knowing and

08:27 15   voluntary plea?

16            MS. HARPER:  Yes, your Honor.

17            THE COURT:  If I could have you step to one side

18   while I call the next case which is United States of

19   America versus Michael Comer, Case Number 3:08-CR-85.

20            MR. YANOWITCH:  Paul Yanowitch for the

21   government, your Honor.

22            MR. MATEJA:  Bill Mateja on behalf of the

23   defense, your Honor.

24            THE COURT:  Mr. Comer, if you would raise your

25   right hand.

08:27   1         (Sworn)

       2         MR. COMER:  Yes, sir.

       3         THE COURT:  Thank you.  Please state your full

       4  name for the record.

       5         MR. COMER:  Michael Lee Comer.

       6         THE COURT:  Do you understand that you are now

       7  under oath and if you answer any of my questions falsely

       8  you could later be charged with perjury or making a false

       9  statement?

     10         MR. COMER:  Yes, sir.

     11         THE COURT:  Do you read, write and understand

     12  the English language?

     13         MR. COMER:  Yes, sir.

     14         THE COURT:  And how old are you?

08:28 15         MR. COMER:  Thirty-three.

     16         THE COURT:  And what year were you born?

     17         MR. COMER:  1974.

     18         THE COURT:  And in the last six months, have you

     19  been under the care of a physician or psychiatrist?

     20         MR. COMER:  No, sir.

     21         THE COURT:  Do you suffer from any mental or

     22  emotional problem?

     23         MR. COMER:  No, sir.

     24         THE COURT:  Are you now under the influence of

     25  alcohol or any drug?

08:28   1                  MR. COMER:  No, sir.

        2                  THE COURT:  Are you of sound mind and do you

        3       understand what it is you are doing here today?

        4                  MR. COMER:  Yes, sir.

        5                  THE COURT:  Counsel, any reason to believe that

        6       Mr. Comer is not fully competent to enter a plea of

        7       guilty?

        8                  MR. MATEJA:  No, your Honor.

        9                  THE COURT:  Do you believe the plea he is

       10       proposing to make would be a knowing and voluntary plea?

       11                  MR. MATEJA:  I do, your Honor.

       12                  THE COURT:  I'll have you step to one side and

       13       I'll call the next case.  United States against John

       14       Franklin Isom, Number 3: 08-CR-072.

08:28  15                  MR. BROWN:  Charles Brown for the government.

       16                  MR. HOGUE:  Chris Hogue for Mr. Isom.

       17                  THE COURT:  Thank you.

       18                  (Sworn)

       19                  THE COURT:  Please state your full name for the

       20       record.

       21                  MR. ISOM:  John Franklin Isom, Junior.

       22                  THE COURT:  Do you understand that you are now

       23       under oath and if you answer any of my questions falsely

       24       you could later be charged with perjury or making a false

       25       statement?

08:29 1          MR. ISOM:  Yes, sir.

2          THE COURT:  Do you read, write and understand

3     the English language?

4          MR. ISOM:  Yes, sir.

5          THE COURT:  And how old are you?

6          MR. ISOM:  Thirty-two.

7          THE COURT:  And what year were you born?

8          MR. ISOM:  1975.

9          THE COURT:  In the last six months have you been

10    under the care of a physician or psychiatrist?

11         MR. COMER:  Yes, sir.

12         THE COURT:  What was that for?

13         MR. COMER:  Worried about U.S. probation.

14         THE COURT:  Are you on any medication for that?

08:29 15         MR. COMER:  No, sir.

16         THE COURT:  Do you suffer from any emotional or

17    mental disability?

18         MR. COMER:  No, sir.

19         THE COURT:  Are you now under the influence of

20    alcohol or any drug?

21         MR. COMER:  No.

22         THE COURT:  Are you of sound mind and understand

23    what you are doing today?

24         MR. COMER:  Yes, sir.

25         THE COURT:  Counsel, do you believe that Mr.

08:29   1    Comer is fully competent to enter a plea?

2              MR. MATEJA:  Yes, sir.

3              THE COURT:  Do you believe the plea he is

4    proposing to make is a knowing and voluntary plea?

5              MR. MATEJA:  Yes, sir.

6              THE COURT:  Now, I inform each of you that you

7    have the right to enter your guilty pleas before the

8    United States District judge assigned to your case.

9    However, you may consent and proceed before me, a United

10   States Magistrate Judge.  If you do so, I would then make

11   recommendations to the District Judge that he or she

12   accept or reject your pleas of guilty.  You would have ten

13   days in which to file any objection to those findings.

14             Now, in each of your cases, I have a signed

08:32  15    consent form in which you consent to proceeding before me

16   with your plea of guilty.

17             Mr. Lopez, is this yours?

18             MR. LOPEZ-AGUIRRE:  Yes, sir.

19             THE COURT:  Did you go over this with counsel

20   before you signed it?

21             MR. LOPEZ-AGUIRRE:  Yes.

22             THE COURT:  And do you wish to consent and

23   proceed before me with your plea of guilty today?

24             MR. LOPEZ-AGUIRRE:  Yes.

25             THE COURT:  Mr. Saldana-Vasquez, is this yours?

08:33  1          MR. SALDANA-VASQUEZ:  Yes, sir.

2          THE COURT:  Did you go over this with counsel

3    before you signed it?

4          MR. SALDANA-VASQUEZ:  Yes.

5          THE COURT:  And do you also wish to proceed

6    before me with your plea of guilty today?

7          MR. SALDANA-VASQUEZ:  Yes, sir.

8          THE COURT:  Mr. Isom, is this yours?

9          MR. ISOM:  Yes, sir.

10          THE COURT:  Did you read this before you signed

11    it?

12          MR. ISOM:  Yes, sir.

13          THE COURT:  Do you wish to consent and proceed

14    before me with your plea of guilty today?

08:33 15          MR. ISOM:  Yes, sir.

16          THE COURT:  Mr. Comer, is this yours?

17          MR. ISOM:  Yes, sir.

18          THE COURT:  Did you read this before you signed

19    it?

20          MR. ISOM:  Yes, sir.

21          THE COURT:  And do you also wish to consent and

22    proceed before me with your plea of guilty?

23          MR. ISOM:  Yes, sir.

24          THE COURT:  In each case I will order the filing

25    of the consent forms.  I am going over your Constitutional

08:33   1    rights, and these are important so I want you to pay close

        2    attention.  You may, if you choose, plea not guilty to any

        3    charge against you, and you may persists in that plea.

        4    The Constitution of the United States guarantees to you

        5    each of the following rights:  You have the right to a

        6    speedy and public trial by a jury in this district.  You

        7    have the right at such a trial to confront -- that is to

        8    see, hear and cross examine -- all witnesses against you.

        9    You have the right to use the power and the process of

        10   court to compel the production of evidence including the

        11   attendance of any witnesses in your favor, and you have

        12   the right to have the assistance of an attorney in your

        13   defense in all stages of the proceedings.  And if

        14   necessary, I would appoint an attorney to represent you if

08:34   15   you did not have or could not afford an attorney.

        16          At such a trial, you cannot be compelled to

        17   testify, and whether or not you did decide to testify

        18   would be a matter upon which your judgment alone would

        19   control.

        20          At such a trial, the United States would be

        21   required to prove your guilt beyond a reasonable doubt,

        22   and if you were found guilty, you would have the right to

        23   appeal your conviction.

        24          Mr. Lopez-Aguirre, did you understand each of my

        25   explanations about your Constitutional rights?

08:34   1            MR. LOPEZ-AGUIRRE:  Yes, sir.

       2            THE COURT:  Mr. Saldana-Vasquez, did you?

       3            MR. SALDANA-VASQUEZ:  Yes, sir.

       4            THE COURT:  Mr. Isom, did you?

       5            MR. ISOM:  Yes, sir.

       6            THE COURT:  Mr. Comer, did you.

       7            MR. COMER:  Yes, sir.

       8            THE COURT:  On the other hand, if you plead

       9   guilty and such a plea is accepted by the District Judge,

    10   there will not be a further trial of any kind so that by

    11   pleading guilty, you would be waiving your rights to a

    12   trial as well as the other rights associated with the

    13   trial as I have described them.

    14            Generally, a defendant cannot plead guilty

08:35 15   unless he is actually guilty of that crime.  In federal

    16   court, the judge determines the penalty, whether the

    17   conviction is by way of a plea of guilty or by verdict of

    18   a jury.

    19            The Court has not and will not talk to anyone

    20   about the facts of your case except in your presence where

    21   you and your attorney and representatives of the

    22   government are all present.

    23            If you should be convicted you and your attorney

    24   each will be given an opportunity to present to the

    25   District Judge any pleas for leniency.

08:35  1           The penalty will be decided based upon the facts

2      heard in open court.  You should not depend or rely on any

3      statement or promise by anyone, whether connected with law

4      enforcement or government or anyone else, as to what the

5      penalty should be in your case.

6                  Should you decide to plead guilty, your plea of

7      guilty must not be induced by any promise, threats or

8      pressure or coercion of any kind.  A plea of guilty should

9      be voluntarily made, and you should plead guilty only

10     because you are guilty and for no other reason.  Mr.

11     Lopez-Aguirre, did you understand each of my explanations

12     about pleading guilty?

13                 MR. LOPEZ-AGUIRRE:  Yes, sir.

14                 THE COURT:  Mr. Saldana-Vasquez, did you?

08:36 15           MR. SALDANA-VASQUEZ:  Yes, sir.

16                 THE COURT:  Mr. Isom, did you?

17                 MR. ISOM:  Yes, sir.

18                 THE COURT:  Mr. Comer, did you?

19                 MR. COMER:  Yes, sir.

20                 THE COURT:  Have you each discussed with your

21     attorneys how the sentencing guidelines would apply in

22     your case?  Mr. Lopez-Aguirre?

23                 MR. LOPEZ-AGUIRRE:  Yes, sir.

24                 THE COURT:  Mr. Saldana-Vasquez.

25                 MR. SALDANA-VAQUEZ:  Yes, sir.

08:36   1          THE COURT:  Mr. Isom.

       2          MR. ISOM:  Yes, sir.

       3          THE COURT:  Mr. Comer?

       4          MR. COMER:  Yes, sir.

       5          THE COURT:  Even though you have discussed how

       6   those sentencing guidelines would apply in your case, I am

       7   required to inform you under the Sentencing Reform Act of

       8   1984 that the United States Sentencing Commission has

       9   issued guidelines to follow in each criminal case.  Those

     10   guidelines have now been determined to be advisory.  Even

     11   so, the court is required to consider any applicable

     12   sentencing guidelines and may it depart from those

     13   guidelines as long as the judge does so reasonably.

     14         The Court is not bound by facts stipulated

08:37 15   between you and your attorney on the one hand and the

     16   government on the other.  The Court may take into account

     17   facts not in the stipulation and may disregard the

     18   stipulated facts that are made.  You might not be

     19   permitted to withdraw your pleas of guilty in such an

     20   event.

     21         The Court will not be able to determine the

     22   guidelines for your case until after the presentence

     23   report has been prepared and you and your attorney and the

     24   government have had the opportunity to challenge the facts

     25   proposed by the probation officer.  You have the right to

08:37 1    waive that right, and under some circumstances the

2    government has the right to appeal.  Parole has been

3    abolished, and if you were sentenced to prison, you will

4    not be released on parole.

5         Mr. Lopez-Aguirre, did you understand each of my

6    explanations about sentencing?

7         MR. LOPEZ-AGUIRRE:  Yes, sir.

8         THE COURT:  Mr. Saldana-Vasquez?

9         MR. SALDANA-VASQUEZ:  Yes, sir.

10        THE COURT:  Mr. Isom?

11        MR. ISOM:  Yes, sir.

12        THE COURT:  Mr. Comer, did you?

13        MR. COMER:  Yes, sir.

14        THE COURT:  Thank you.

08:38 15        I am going to have you each take a seat with the

16    exception of Mr. Lopez-Aguirre, and I will continue with

17    his case.

18        It's my understanding, Mr. O'Shea, that Mr.

19    Lopez-Aguirre is pleading guilty to Count 1 of the

20    superseding indictment.  Is that correct?

21        MR. O'SHEA:  That's correct, your Honor.

22        THE COURT:  Mr. Lopez-Aguirre, have you received

23    a copy of this indictment?

24        MR. LOPEZ-AGUIRRE:  Yes.

25        THE COURT:  Has it been read to you in Spanish?

08:39 1               MR. LOPEZ-AGUIRRE:  No.  Yes.

2               THE COURT:  Do you understand what it charges

3   you with?

4               MR. LOPEZ-AGUIRRE:  Yes.

5               THE COURT:  Now, even though you understand

6   that, I could have it read out loud if you wish.  But

7   seeing as you understand what you are charged with, I will

8   allow you to waive the reading.  Do you wish to waive the

9   reading?

10              MR. LOPEZ-AGUIRRE:  Yes.

11              THE COURT:  Even though you have waived the

12   reading --

13              MR. O'SHEA:  I'm sorry, your Honor.  He's saying

14   he wants it read again.

08:39 15            THE COURT:  Do you want it read again?  That's

16   not a problem.

17              You can read it just as to this defendant.

18              MR. ROBINSON:  All right.

19              (Indictment read)

20              MR. ROBINSON:  Would you like me to read the

21   forfeiture count?

22              THE COURT:  Is he pleading true to it?

23              MR. ROBINSON:  Yes.

24              THE COURT:  Then you better.

25              (Forfeiture count read)

08:43 1                    THE COURT:  Thank you.  Mr. Lopez-Aguirre, do

2        you understand what you are charged with in this

3        indictment?

4                    MR. LOPEZ-AGUIRRE:  Yes.

5                    THE COURT:  Now, even though you do understand

6        that, I am still required to go over the essential

7        elements of this offense that the government would have to

8        prove to a jury beyond a reasonable doubt before you could

9        be found guilty, and I want you to pay close attention to

10       the essential elements of Count 1 of the indictment

11       because after this has been read in the record I am going

12       to ask you if you admit to committing each of them.

13                    (Essential elements read)

14                    THE COURT:  Thank you.  Mr. Lopez-Aguirre, do

08:44 15       you understand that those are the essential elements of

16       Count 1 of the superceding indictment that the government

17       would have to prove to a jury beyond a reasonable doubt

18       before you could be found guilty?

19                    MR. LOPEZ-AGUIRRE:  Yes, sir.

20                    THE COURT:  Do you admit to committing each of

21       those?

22                    MR. LOPEZ-AGUIRRE:  Yes, sir.

23                    THE COURT:  Now, you have Mr. O'Shea appearing

24       here today with you as your attorney.  And I know that you

25       have discussed the sentencing guidelines with Mr. O'Shea.

08:45  1    Have you also discussed with him the facts and

       2    circumstances surrounding these charges?

       3            MR. LOPEZ-AGUIRRE:  Yes, sir.

       4            THE COURT:  Are you fully satisfied with the

       5    advice and representation that he has given to you in this

       6    matter?

       7            MR. LOPEZ-AGUIRRE:  Yes.

       8            THE COURT:  Mr. O'Shea, does the willingness of

       9    your client to plead guilty result from plea negotiations

      10    with the government that have in turn resulted in a plea

      11    agreement?

      12            MR. O'SHEA:  That's correct, your Honor.

      13            THE COURT:  I do have a document entitled Plea

      14    Agreement here in front of me.  This document is nine

08:45 15    pages long, and it has Mr. Lopez-Aguirre's signature on

      16    the last two pages.  Sir, did you have this read to you in

      17    Spanish before you signed it?

      18            MR. LOPEZ-AGUIRRE:  Yes.

      19            THE COURT:  Did you voluntarily and of your own

      20    free will enter into this plea agreement?

      21            MR. LOPEZ-AGUIRRE:  Yes, sir.

      22            THE COURT:  Are you asking that Judge Fish

      23    accept this plea agreement?

      24            MR. LOPEZ-AGUIRRE:  Yes.

      25            THE COURT:  Are all the terms of your agreement

08:46  1    with the government contained in this document?

2            MR. LOPEZ-AGUIRRE:  Yes.

3            THE COURT:  Outside of this written plea

4    agreement has anybody made any promise or assurance to you

5    of any kind in an effort to get you to plead guilty?

6            MR. LOPEZ-AGUIRRE:  No.

7            THE COURT:  Has anyone mentally or physically or

8    in any other way attempted to force you to plead guilty?

9            MR. LOPEZ-AGUIRRE:  I'm going to plead guilty.

10           THE COURT:  Do you understand if your guilty

11    plea is accepted by Judge Fish, you will be adjudged

12    guilty by Judge Fish and your punishment will be assisted

13    somewhere in the range provided for by statute?

14           MR. LOPEZ-AGUIRRE:  Yes, sir.

08:47 15         THE COURT:  I am going to summarize this plea

16    agreement in the record, but you have read this, and you

17    have told me that you voluntarily entered into this plea

18    agreement.  So you know if I skip over something in here

19    that you are protected by the written document.

20        Page 1 talks of your rights and that you waive

21    those rights and plead guilty to Count 1 of the

22    superseding indictment, and Count 2, you plead true, the

23    forfeiture proceedings.

24        The maximum penalty the Court can impose for a

25    plea of guilty to Count 1 of the superseding indictment

08:47  1    includes as follows:  A term of imprisonment for a period

2    not less than ten years and not to exceed life.  A fine

3    not to exceed four million dollars or twice any gain to

4    yourself or loss to any victim.  A term of supervised

5    release of not less than five years would be mandatory

6    under the law and would follow any term of imprisonment.

7    If you violate any of those conditions of supervised

8    release, you could be imprisoned for the entire term of

9    supervised release.  You will receive a mandatory special

10    assessment of one hundred dollars and restitution will be

11    ordered under the Mandatory Restitution Act for all of

12    your conduct.  You could be ordered to pay the costs of

13    incarceration and supervision and forfeit any profit.

14          Mr. Lopez-Aguirre are you a citizen of United

08:48 15    States?

16          MR. LOPEZ-AGUIRRE:  No.

17          THE COURT:  The offense to which you are

18    pleading guilty would result in your deportation, and it

19    could adversely affect your ability ever to become a

20    citizen of the United States.  That would be in addition

21    to the maximum punishment that I have just gone over.

22          Do you understand that you are facing all of

23    this punishment by pleading guilty?

24          MR. LOPEZ-AGUIRRE:  Yes.

25          THE COURT:  Do you understand if your actual

08:48  1    sentence is more severe than you anticipate, you will

      2    still be bound by your plea of guilty and have no right to

      3    withdraw?

      4            MR. LOPEZ-AGUIRRE:  Yes.

      5            THE COURT:  Paragraph 4, the sentencing is

      6    entirely up to Judge Fish.  Paragraph 5, you will pay the

      7    special assessment of one hundred dollars.  You'll forfeit

      8    all rights, Paragraph 7, and interest in the following

      9    property which lists all the property that was listed in

    10    the indictment that was just read to you.  In addition, it

    11    encompasses 1.48 million dollars in currency seized in

    12    October of 2007 plus numerous firearms and ammunition.

    13            The government agrees not to bring any

    14    additional charges against you and will dismiss any

08:49 15    remaining charges after sentencing.  If you violate this

    16    agreement, you have no agreement with the government.  You

    17    have waived your right to appeal or otherwise challenge

    18    your sentence in habeas corpus provisions, but you have

    19    the reserved the right to bring a direct appeal to a

    20    sentence that exceeds the statutory maximum, mathematical

    21    errors and to challenge the voluntariness of your plea of

    22    guilty or this waiver and to bring a claim of ineffective

    23    assistance of counsel.

    24            Do you understand that you have the right to

    25    appeal or otherwise challenge your sentence?

08:50 1              MR. LOPEZ-AGUIRRE:  Yes, sir.

2              THE COURT:  And you wish to waive those rights

3   except in these limited circumstances?

4              MR. LOPEZ-AGUIRRE:  Yes.

5              THE COURT:  I order the plea agreement be filed

6   in this matter.  Mr. Lopez-Aguirre, do you need me to go

7   over any aspect of this punishment with you further?

8              MR. LOPEZ-AGUIRRE:  No.

9              THE COURT:  Having heard all the foregoing, how

10  do you plead to Count 1 of the superseding indictment?

11  Guilty or not guilty?

12             MR. LOPEZ-AGUIRRE:  Guilty.

13             THE COURT:  And how do you plead to Count 2, the

14  forfeiture allegation, true or not true?

08:51 15           MR. LOPEZ-AGUIRRE:  Yes, true.

16             THE COURT:  This Court will then make a

17  recommendation to Judge Fish that he accept your plea of

18  guilty on the condition that there is a factual basis to

19  support this plea.

20         I have a factual resume here in front of me, and

21  it's five pages long, and it bears your signature on the

22  last page as well as of that Mr. O'Shea and the

23  government.  I have read this factual resume.  Are these

24  facts as stated in the Factual Resume true facts?

25             MR. LOPEZ-AGUIRRE:  Yes.

08:51 1        THE COURT:  And these were read to you and you

2    went over them with your attorney before you signed it?

3        MR. LOPEZ-AGUIRRE:  Yes.

4        THE COURT:  Now, it would be appropriate to read

5    these into the record.  Since you have told me these are

6    true facts, I will allow you to waive the reading.  Do you

7    wish to waive the reading?

8        MR. LOPEZ-AGUIRRE:  Waive the reading.

9        THE COURT:  The Court being satisfied then with

10   the responses given in the case of United States of

11   America versus Lopez-Aguirre, Case Number 3:07-CR-331-G,

12   the Court finds that Mr. Lopez-Aguirre is competent and

13   capable of entering an informed plea to Count 1 and plea

14   of true to Count 2, that the pleas are knowing, voluntary

08:52 15   pleas containing each of the essential elements as charged

16   in Counts 1 and 2.

17        It is recommended to Judge Fish that he accept

18   your pleas of guilty and true, and if he does, you will be

19   adjudged guilty of this offense.  I have entered my

20   findings, and these findings are basically recommending to

21   Judge Fish that he accept your plea of guilty.  You have

22   ten days from today's date in which to file any objection

23   to those findings.

24        Now, what happens next is Mr. O'Shea is going to

25   set up an appointment with the Probation Office to come

08:53    1     out and visit with you to get information for the

         2     presentence report.  You will be asked to give information

         3     for this presentence report in the interview, and your

         4     degree of cooperation would be a factor in the severity of

         5     your sentence.

         6             As you already know, Mr. O'Shea is very well

         7     versed in this process, and he would be with you during

         8     that interview to make sure that everything runs smoothly.

         9             Sentencing in this matter is set for September

        10     2nd, 2008 at 1:45 p.m.  The presentence report due date is

        11     July 29.  What other matters from the government?

        12             MR. ROBINSON:  Nothing else, your Honor.

        13             THE COURT:  Mr. O'Shea?

        14             MR. O'SHEA:  Nothing, your Honor.

08:53   15             THE COURT:  Mr. Saldana-Vasquez.  Ms. Harper, my

        16     understanding is Mr. Saldana-Vasquez is pleading guilty to

        17     Count 1 of the indictment.  Is that correct?

        18             MS. HARPER:  That's correct, your Honor.

        19             THE COURT:  Mr. Saldana-Vasquez, have you

        20     received a copy of this indictment?

        21             MR. SALDANA-VASQUEZ:  Yes, sir.

        22             THE COURT:  Has it been read to you in Spanish?

        23             MR. SALDANA-VASQUEZ:  Yes, sir.

        24             THE COURT:  Do you understand what it says that

        25     you did?

08:54 1         MR. SALDANA-VASQUEZ:  Yes, sir.

2         THE COURT:  Now, I could have it read out loud

3 if you wish, but seeing as you understand what you are

4 charged with, I will allow you to waive the reading.  Do

5 you wish to waive the reading?

6         MR. SALDANA-VASQUEZ:  Waive the reading.

7         THE COURT:  Even though you have waived the

8 reading of the indictment, I am required to go over the

9 essential elements of this offense that the government

10 would have to prove to a jury beyond a reasonable doubt.

11 Now, I want you to pay close attention to these essential

12 elements because after these are read into the record, I

13 am going to ask you if you admit to committing each of

14 them.

08:55 15         (Essential elements read)

16         THE COURT:  Mr. Saldana-Vasquez, do you

17 understand that those are the essential elements of Count

18 1 of the indictment that the government would have to

19 prove to a jury beyond a reasonable doubt before you could

20 be found guilty?

21         MR. SALDANA-VASQUEZ:  Yes, sir.

22         THE COURT:  Do you admit to committing each of

23 those?

24         MR. SALDANA-VASQUEZ:  Yes, sir.

25         THE COURT:  Now, you have Ms. Harper appearing

08:56 1    here today with you as your attorney.  And I know that you

2    have discussed the Sentencing Guidelines.  Have you also

3    discussed with Ms. Harper the facts and circumstances

4    surrounding these charges?

5            MR. SALDANA-VASQUEZ:  Yes, sir.

6            THE COURT:  And are you fully satisfied with the

7    advice and representation that she has given you in this

8    matter?

9            MR. SALDANA-VASQUEZ:  Yes, sir.

10           THE COURT:  Ms. Harper, does the willingness of

11    your client to plead guilty result from plea negotiations

12    with the government that have in turn resulted in a plea

13    agreement?

14           MS. HARPER:  No, your Honor.

08:56 15          THE COURT:  Mr. Saldana-Vasquez, has anybody

16    made any promise or assurance to you of any kind in an

17    effort to get you to plead guilty today?

18           MR. SALDANA-VASQUEZ:  No, sir.

19           THE COURT:  Has anyone mentally or physically or

20    any other way attempted to force you to plead guilty?

21           MR. SALDANA-VASQUEZ:  No, sir.

22           THE COURT:  Do you understand that if your

23    guilty plea is accepted by Judge Kinkeade, you will be

24    adjudged guilty of this offense and your punishment will

25    be assessed somewhere in the range provided by statute?

08:57   1           MR. SALDANA-VASQUEZ:  Yes, sir.

       2           THE COURT:  By pleading guilty to Count 1 of

       3  this indictment, you are facing a penalty as follows:  A

       4  term of imprisonment for a period not to exceed twenty

       5  years.  If probation is imposed, the term of probation

       6  cannot be less than one more than five years; a fine not

       7  to exceed $250,000 or twice the pecuniary gain to the

       8  defendant or loss to the victim.  A term of supervised

       9  release of up to three years would be imposed, and if you

     10  violated any of these conditions of supervised release,

     11  you could be imprisoned for the entire term of supervised

     12  release.  Plus, you will receive a mandatory special

     13  assessment of one hundred dollars.  The offense to which

     14  you are pleading will also result in your deportation and

08:57 15  could adversely affect your ability ever to re-enter or

     16  become a citizen of the United States.

     17           Do you understand, Mr. Saldana-Vasquez that you

     18  are facing all of this punishment by pleading guilty?

     19           MR. SALDANA-VASQUEZ:  Yes, sir.

     20           THE COURT:  Do you understand the penalty is

     21  entirely up to Judge Kinkeade?

     22           MR. SALDANA-VASQUEZ:  Yes, sir.

     23           THE COURT:  Do you need me to go over any aspect

     24  of this punishment with you further?

     25           MR. SALDANA-VASQUEZ:  No, sir.

08:58  1          THE COURT:  Having heard all the foregoing, how

       2   do you plead to Count 1 of the indictment?  Guilty or not

       3   guilty.

       4          MR. SALDANA-VASQUEZ:  Guilty.

       5          THE COURT:  This Court will then recommend to

       6   Judge Kinkeade that he accept your plea of guilty on the

       7   condition that there is a factual basis to support the

       8   plea.  I have a Factual Resume in front of me which is

       9   four pages long, and that is your signature on the last

      10   page as well as of that of Ms. Harper.  Did you read this

      11   in Spanish before you signed it?

      12          MR. SALDANA-VASQUEZ:  Yes, sir.

      13          THE COURT:  Are the facts as stated in the

      14   stipulated facts in Paragraph 5 true facts?

08:59 15          MR. SALDANA-VASQUEZ:  Yes, sir.

      16          THE COURT:  And are they consistent with the

      17   true facts as you understand them from your investigation,

      18   Ms. Harper?

      19          MS. HARPER:  They are, your Honor.

      20          THE COURT:  It would be appropriate to read this

      21   into the record at this time, but I have read this, and

      22   you have told me these are true.  So I will allow you to

      23   waive reading this.  Do you wish to waive the reading of

      24   the Factual Resume?

      25          MR. SALDANA-VASQUEZ:  Waive, your Honor.

08:59   1          THE COURT:  The Court being satisfied with the

        2   responses given in the case of United States of America

        3   versus Saldana-Vasquez 3:08-CR-102-K, the Court finds that

        4   Mr. Vasquez is fully competent and capable of entering an

        5   informed plea.  The plea is supported by an independent

        6   basis in fact containing each of the essential elements of

        7   the offense charged, and it is recommended to Judge

        8   Kinkeade that he accept Mr. Vasquez's plea of guilty, and

        9   if he does, he would be adjudged guilty of this offense.

        10          I have entered my findings, and these findings

        11   are basically recommending to Judge Kinkeade that he

        12   accept this plea.  You have ten days from today to file

        13   any objections.

        14          What happens next is Ms. Harper is going to set

09:00   15   up an appointment with the Probation Office to come out

        16   and visit with you to begin this presentence report.  You

        17   will be asked to give information for the report, and your

        18   degree of cooperation would be a factor in the severity of

        19   your sentence.  As you already know, Ms. Harper is very

        20   well versed in this process, and she will be with you to

        21   make sure that everything runs smoothly for you.

        22          Sentencing is September 10, 9:30 a.m. with a

        23   presentence report due July 29.  A scheduling order will

        24   issue.  Anything else?

        25          MS. HARPER:  No, sir.

09:00  1            MR. BROWN:  No, sir.

       2            THE COURT:  You may be excused.

       3            Mr. Isom.  My understanding is Mr. Isom will be

       4    pleading guilty to Count 3 of the indictment.  Is that

       5    correct?

       6            MR. HOGUE:  Yes, your Honor.

       7            THE COURT:  Sir, have you received a copy of

       8    this indictment?

       9            MR. ISOM:  Yes, sir.

      10            THE COURT:  Have you read it?

      11            MR. ISOM:  Yes, sir.

      12            THE COURT:  Do you understand what it says that

      13    you did?

      14            MR. ISOM:  Yes, sir.

09:02 15            THE COURT:  I could have it read out loud if you

      16    wish, but seeing as you understand what you are charged

      17    with in Count 3, I will allow you to waive the reading.

      18    Do you wish to waive the reading?

      19            MR. ISOM:  Yes, sir.

      20            THE COURT:  Even though you have waived the

      21    reading of the indictment, I am required to go over the

      22    essential elements of this offense that the government

      23    would have to prove to a jury beyond a reasonable doubt

      24    before you could be found guilty.  I want you to pay close

      25    attention to these essential elements because after these

09:03   1   are read into the record I am going to ask you if you

2   admit to committing each of them.

3            (Essential elements read)

4            THE COURT:  Mr. Isom, do you understand those

5   are the essential elements of Count 3 that the government

6   would have to prove to a jury beyond a reasonable doubt

7   before you could be found guilty of this offense?

8            MR. ISOM:  Yes, sir.

9            THE COURT:  Do you admit to committing each of

10   those?

11            MR. ISOM:  Yes, sir.

12            THE COURT:  You have Mr. Werbner appearing here

13   today as your attorney.

14            MR. HOGUE:  Mr. Hogue.

09:04  15            THE COURT:  I'm sorry.  Mr. Hogue.

16            Mr. Werbner was appointed on this case.

17            MR. HOGUE:  Yes, sir, I'm here on his behalf.

18            THE COURT:  Is that with your consent, sir?

19            MR. ISOM:  Yes, sir.

20            THE COURT:  Are you an associate in the firm?

21            MR. HOGUE:  Yes, sir.

22            THE COURT:  Now, we have Mr. Hogue appearing

23   here today, and I know that you have had discussions with

24   Mr. Werbner and Mr. Hogue about the Sentencing Guidelines

25   and so forth.  Have you also discussed with them the facts

09:04  1    and circumstances surrounding these charges?

2         MR. ISOM:  Yes, sir.

3         THE COURT:  Are you fully satisfied with the

4    advice and representation that they have afforded you?

5         MR. ISOM:  Yes, sir.

6         THE COURT:  Does the willingness of your client

7    to plead guilty result from plea negotiations with the

8    government that have resulted in a plea agreement?

9         MR. HOGUE:  Yes, your Honor.

10         THE COURT:  I do have a document entitled Plea

11    Agreement in front of me.  This document is six pages

12    long, and it has the signature of Mr. Isom and Mr. Werbner

13    on the last pages as well as the government

14    representatives.

09:05 15         Did you read this document before you signed it?

16         MR. ISOM:  Yes, sir.

17         THE COURT:  Are all the terms of your agreement

18    with the government contained in this document?

19         MR. ISOM:  Yes, sir.

20         THE COURT:  Did you voluntarily of your own free

21    will enter into this plea agreement?

22         MR. ISOM:  Yes, sir.

23         THE COURT:  Outside of this written plea

24    agreement, has anybody made any promise or assurance to

25    you of any kind in an effort to get you to plead guilty

09:05  1    here today?

2              MR. ISOM:  No, sir.

3              THE COURT:  Has anyone mentally or physically or

4    in any other way attempted to force you to plead guilty?

5              MR. ISOM:  No, sir.

6              THE COURT:  Do you understand that if your plea

7    is accepted by Judge Godbey you will be adjudged guilty of

8    this offense and your punishment will be assessed

9    somewhere in the range provided by statute?

10             MR. ISOM:  Yes, sir.

11             THE COURT:  I am going to summarize this plea

12   agreement into the record, but it is the written document

13   that controls.  So if I skip over something, you know that

14   it's in here.  Page 1 talks about your rights and you

09:05 15   waive those rights and agree to plead guilty to Count 3 of

16   the indictment.  The maximum punishment the Court can

17   impose is a term of imprisonment not to exceed ten years

18   or a fine not to exceed $250,000, a term of supervised

19   release of not more than three years which may be

20   mandatory under the law and will follow any term of

21   imprisonment.  If you violate any term of supervised

22   release, you could be imprisoned for the entire term of

23   supervised release.  And restitution for all relevant

24   conduct will be ordered.  You could also receive the costs

25   of incarceration and supervision and forfeiture of any

09:06 1    property.

2                    Are you a citizen of the United States?

3                    MR. ISOM:  Yes, sir.

4                    THE COURT:  The offense to which you are

5    pleading guilty is a felony.  Conviction of a felony would

6    deprive you of valuable of rights of citizenship such as

7    the right to vote, hold public office, serve on a jury and

8    possess a firearm and other such rights.  That would be in

9    addition to the punishment I have just gone over.  Do you

10   understand that you are facing all of these penalties if

11   you plead guilty?

12                   MR. ISOM:  Yes, sir.

13                   THE COURT:  Do you understand that if your

14   sentence should be more severe than you anticipate, you

09:07 15   will still be bound by your plea of guilty and have no

16   right to withdraw the plea?

17                   MR. ISOM:  Yes, sir.

18                   THE COURT:  There is a recommendation under

19   11(c)(1)(b) that you be sentenced under the Guidelines,

20   and do you understand this is simply a recommendation and

21   not binding on the Judge?

22                   MR. ISOM:  Yes, sir.

23                   THE COURT:  And if Judge Godbey decides not to

24   follow this, you would have no right to withdraw your

25   plea?

09:07  1          MR. ISOM:  Yes, sir.

2          THE COURT:  You will cooperate and the

3  government will file a motion for downward departure.

4  Whether or not the government does is entirely up to their

5  discretion.  You have waived the right to challenge your

6  sentence, but you have reserved the right to bring a

7  direct appeal to a sentence that exceeds the statutory

8  maximum, mathematical errors in sentencing, to challenge

9  the voluntariness of this waiver and to bring a claim of

10  ineffective assistance of counsel.

11          Do you understand that you have the right to

12  challenge your sentence on appeal under those limited

13  circumstances?

14          MR. ISOM:  Yes, sir.

09:08 15          THE COURT:  Do you wish to waive those rights

16  except under these limited circumstances?

17          MR. ISOM:  Yes, sir.

18          THE COURT:  I will order those be filed.

19          Do you need me to go over any of the aspects of

20  this further?

21          MR. ISOM:  No, sir.

22          THE COURT:  How do you plead?  Guilty or not

23  guilty.

24          MR. ISOM:  Guilty.

25          THE COURT:  This Court will recommend to Judge

09:08  1  Godbey that he accept the plea.  There is a factual basis

 2  to support the plea.  I have a Factual Resume signed by

 3  you and Ms. Miller and your attorney.  Are the facts as

 4  stated true facts?

 5           MR. ISOM:  Yes, sir.

 6           THE COURT:  I have read the facts, and you have

 7  told me that they are true.  I will allow you to waive the

 8  reading.  Do you wish to waive the reading?

 9           MR. ISOM:  Yes, sir.

10           THE COURT:  The Court being satisfied with the

11  responses given by Mr. Isom, the Court finds that the

12  defendant is fully capable and competent to enter an

13  informed plea and his plea of guilty to Count 3 of the

14  indictment is a knowing and voluntary plea containing each

09:09 15  of the essential elements charged in Count 3.  It is

16  recommended that Judge Godbey accept your plea, and if he

17  does, you will be adjudged guilty of this offense.  I have

18  entered my findings, and these are that Judge Godbey

19  accept your plea.  You have ten days from today's date to

20  file any objection to those findings.

21           What happens next is counsel is going to set up

22  an appointment with the Probation Office to set up an

23  interview for the presentence report.  You will be asked

24  to give information for that report, and your degree of

25  cooperation could be a factor in the severity of your

09:09  1   sentence.  Counsel is instructed to be armed with

2   knowledge of USSG 3.1a at that process.  Sentencing is set

3   for September 15, 2008 at 9:00 a.m. with the Presentence

4   Report due date of August 4.  What's the government's

5   position on bond in this matter?

6           MR. BROWN:  To remain on the same conditions

7   he's out on currently.

8           THE COURT:  I do have a report from Pretrial

9   Services that you have not abided by all the conditions of

10   release and that the latter part of May and you missed a

11   counseling session on June 3rd.  However, you did

12   reschedule a new counseling session.  Make sure you don't

13   violate any of those conditions because between now and

14   your sentencing date, if you do violate those conditions I

09:10 15   can assure you will be getting jail time.  Do you

16   understand?

17           MR. ISOM:  Yes, sir.

18           THE COURT:  Keep in mind these reports do come

19   to the judges, and you will being proving to Judge Godbey

20   after my admonishment to you and Pretrial's admonishment

21   you can be trusted.  It has a huge impact on your

22   sentence.  If you have any problems at all, you get in

23   touch with your lawyer.

24           Anything else?

25           MR. BROWN:  No.

09:11 1          MR. HOGUE:  No, sir.

2          THE COURT:  Thank you, we stand adjourned.

3          Mr. Comer.

4          THE COURT:  Mr. Comer, do you understand that

5     you are being charged with commission of a felony offense?

6          MR. COMER:  Yes, sir.

7          THE COURT:  Under the United States Constitution

8     you may not be charged with a felony unless a grand jury

9     finds by return of indictment that there is probable cause

10    to believe that a crime was committed and that you

11    committed it.  However, you may waive your right to

12    indictment and consent to being charged by an information

13    by the United States Attorney.  The felony charges brought

14    against you have been filed by the filing of just such an

09:12 15   information.  If you do not waive indictment and the

16    government wishes to pursue its case against you, it must

17    present its case to the grand jury and request the grand

18    jury indict.  A grand jury is composed of at least sixteen

19    but not more than twenty-three persons, and at least

20    twelve grand jurors must find that there is proximate

21    cause to believe that you committed the crime with which

22    you are charged before the grand jury can indict.  So the

23    grand jury may or may not indict you.  But if you waive

24    the indictment, the case will proceed against you on the

25    information of the United States Attorney just as though

09:13  1    you had been indicted.

2              Have you discussed with the attorneys the matter

3    of waiving your right to indictment by the grand jury?

4              MR. COMER:  Yes, sir.

5              THE COURT:  Do you understand your right to

6    indictment by the grand jury?

7              MR. COMER:  Yes, sir.

8              THE COURT:  And have any promises or threats

9    been made to induce you to waive the indictment?

10             MR. COMER:  No, sir.

11             THE COURT:  Do you wish to waive the indictment

12   by the grand jury?

13             MR. COMER:  Yes, sir.

14             THE COURT:  I have a waiver filed on March 14.

09:13 15   Did you read that?

16             MR. COMER:  Yes, sir.

17             THE COURT:  The Court finds that Mr. Comer's

18   waiver of indictment is knowingly and voluntarily made.

19             Have you received a copy of this information?

20             MR. COMER:  Yes, sir.

21             THE COURT:  Do you understand what it charges

22   you with?

23             MR. COMER:  Yes, sir.

24             THE COURT:  Now, I could have it read out loud

25   if you wish, but seeing as you understand what you are

09:13  1   charged with, I will allow you to waive the reading.  I

2   know that it's Count 1 in the plea agreement, but on my

3   docket sheet, I thought it said Count 2.  Count 1 of the

4   indictment.

5        MR. YANOWITCH:  I believe so, your Honor.  Count

6   2 is a forfeiture count.

7        THE COURT:  Thank you.  Now, I could have this

8   read out loud, but seeing as you understand what you are

9   charged with, I will allow you to waive the reading.  Do

10   you wish to waive the reading?

11        MR. ISOM:  Yes, sir, I wish to waive.

12        THE COURT:  Even though you waive the reading of

13   the indictment, I am required to go over the essential

14   elements that the government would be required to prove to

09:14 15   a jury before you could be found guilty beyond a

16   reasonable doubt.  I want you to pay close attention to

17   these essential elements because after these are read, I

18   will ask you if you admit to committing each of them.

19        (Essential elements read)

20        THE COURT:  Mr. Comer, do you understand that

21   those are the essential elements of this offense that the

22   government would have to prove to a jury beyond a

23   reasonable doubt before you could be found guilty?

24        MR. COMER:  Yes, sir.

25        THE COURT:  And do you admit to committing each

09:15  1    of those?

       2                MR. COMER:  Yes, sir.

       3                THE COURT:  Now, Mr. Mendrygal and Mr. Majeta

       4    are representing you in this matter, and I know that they

       5    have discussed the Sentencing Guidelines with you.  Have

       6    you also discussed the facts and circumstances surrounding

       7    these charges with your attorneys?

       8                MR. COMER:  Yes, sir.

       9                THE COURT:  Are you fully satisfied with the

      10    advice and representation that they have given to you?

      11                MR. COMER:  Yes, sir.

      12                THE COURT:  Counsel, does the willingness of

      13    your client to plead guilty result from plea negotiations

      14    with the government that have resulted in a plea

09:15 15    agreement?

      16                MR. MAJETA:  Yes, your Honor.

      17                THE COURT:  I do have a plea agreement.  This

      18    document is seven pages long and has the signature of Mr.

      19    Majeta and Mr. Comer and Mr. Mendrygal on the last page.

      20    Did you read this document before you signed it?

      21                MR. COMER:  Yes, sir.

      22                THE COURT:  Are all the terms of your agreement

      23    with the government contained in this document?

      24                MR. COMER:  Yes, sir.

      25                THE COURT:  Are you asking that Judge Godbey

09:16  1    accept this plea agreement?

       2           MR. COMER:  Yes, sir.

       3           THE COURT:  Did you voluntarily and of your own

       4    free will enter into this plea agreement?

       5           MR. COMER:  Yes, sir.

       6           THE COURT:  Has anyone made any promise or

       7    assurances to you of any kind to get you to plead guilty?

       8           MR. COMER:  No, sir.

       9           THE COURT:  Has anyone mentally or physically or

      10    in any other way attempted to force you to plead guilty?

      11           MR. COMER:  No, sir.

      12           THE COURT:  And you understand your punishment

      13    will be assessed somewhere in the range of punishment

      14    provided by statute?

09:16 15           MR. COMER:  Yes, sir.

      16           THE COURT:  I am going to summarize this plea

      17    agreement into the record, but it is the written document

      18    that controls.  So if I skip over something, you know it's

      19    in here.  Page 2 talks about your rights that we went over

      20    this morning, and you waive those rights and plead guilty

      21    to Count 1 of the information.

      22           The maximum punishment the Court will impose is

      23    as follows:  A term of imprisonment of not more than five

      24    years or loss to any victim, a term of supervised release

      25    of not more than three years which would be mandatory

09:17  1  under the law and would follow any term of imprisonment.

2  If you violated any of those conditions of supervised

3  release you could be imprisoned for a period of not more

4  than two years at one time.  A mandatory special

5  assessment will be imposed of one hundred dollars, and

6  restitution will be ordered for all relevant conduct, not

7  just Count 1 this information.  You could be required to

8  pay the costs of incarceration and supervision.  You have

9  an agreed disposition of this under 11(e)(1)(C); that is,

10  you and the government have agreed that the proper

11  punishment in this case would be a term of imprisonment of

12  eighteen months followed by a term of supervised release

13  of three years, six months of which would be on home

14  confinement.  And restitution would be an appropriate

09:18 15  deposition.

16  Now, if Judge Godbey rejects this plea, you will

17  be allowed to withdraw your plea of guilty.  Do you

18  understand that as well?

19  MR. COMER:  Yes, sir.

20  THE COURT:  A mandatory special assessment of

21  one hundred dollars will be paid.  You will cooperate by

22  giving complete and truthful information.  Whether or not

23  the government files a motion for a downward departure

24  will be fully and entirely up to them as it is whether or

25  not to grant it by Judge Godbey.  If you violate this

09:18  1    agreement, you have no agreement with the government.

       2    They are free to prosecute you fully.  You have waived

       3    your right to appeal or otherwise challenge your sentence

       4    under habeas corpus provisions.  But you have reserved the

       5    right to appeal a sentence that results from exceeding the

       6    statutory maximum, mathematical errors, to challenge the

       7    voluntariness of this plea and ineffective assistance of

       8    counsel.

       9         Do you understand that you have waived those

      10    rights?

      11         MR. COMER:  Yes, sir.

      12         THE COURT:  And Paragraph 1, you agreed to

      13    voluntarily forfeit all of the property in Count 2 of the

      14    information.

09:19 15         I order the plea agreement to be filed in this

      16    matter.  Now, are you a citizen of United States?

      17         MR. COMER:  Yes, sir.

      18         THE COURT:  The event to which you are pleading

      19    guilty is a felony, as I have said.  A conviction of a

      20    felony would deprive you of valuable rights of citizenship

      21    such as the right to vote, serve on a jury, possess

      22    firearms and other such valuable rights.  That would be in

      23    addition to the rights I have just gone over.

      24         Do you understand that you are facing all of

      25    these penalties if you plead guilty?

09:19 1          MR. COMER:  Yes, sir.

2          THE COURT:  How do you plead to Count 1 of the

3     indictment?  Guilty or not guilty.

4          MR. COMER:  Guilty.

5          THE COURT:  And how do you plea -- I'm sorry.

6     Of the information.  How do you plead to Count 2 of the

7     information?  True or not true.

8          MR. COMER:  True.

9          THE COURT:  This Court will then recommend to

10    Judge Godbey that he accept your pleas of guilty and true

11    on the condition that there is a factual basis to support

12    these pleas.  I have a Factual Resume in front of me

13    that's four pages long.  It has your signature on the

14    fourth page as well as your attorneys'.  Did you read this

09:20 15   before you signed it?

16         MR. COMER:  Yes, sir.

17         THE COURT:  Are these facts true facts?

18         MR. COMER:  Yes, sir.

19         THE COURT:  Counsel, are they consistent with

20    the true facts that your investigation has shown?

21         MR. MAJETA:  Yes, Judge, they are.

22         THE COURT:  I have reviewed this, and you have

23    told me these are true.  So I will allow you to waive the

24    reading.  Do you wish to waive the reading?

25         MR. COMER:  Yes, sir.

09:20  1          THE COURT:  Court being satisfied with the

       2   responses given in the case of United States of America

       3   versus Michael Comer, 3:08-CR-085-N, the Court finds that

       4   Mr. Comer is fully competent and capable of entering an

       5   informed plea of guilty to Count 1 of the information and

       6   true to Count 2 of the information, that they are knowing

       7   and voluntary pleas supported by facts contained in the

       8   special elements as charged.  It is recommended to Judge

       9   Godbey that he accept your plea, and if he does, you will

      10   be adjudged guilty of these offenses.  I have entered my

      11   findings, and these findings are basically that Judge

      12   Godbey accept your plea of guilty and true.  You have ten

      13   days from today's date to object to those findings.

      14          Now, what happens next is counsel is going to

09:21 15   set up an appointment with probation to start the

      16   interview process for this presentence report, and you

      17   will be asked to give information for this report, and

      18   your degree of cooperation would be a factor in the

      19   severity of your sentence.  Counsel will be with you and

      20   make sure that everything runs smoothly for you.

      21   Sentencing is September 15, 2008, and a presentence report

      22   is due date at August 4th.  The sentencing is at 9:40.

      23          Now, this is also Mr. Comer's initial

      24   appearance.  Is that correct?

      25          MR. MAJETA:  That's correct.

09:22  1              THE COURT:  What's the government's position on

2      bond?

3              MR. YANOWITCH:  The government's position is Mr.

4      Comer be released on his personal recognizance subject to

5      the normal terms and conditions.

6              THE COURT:  I am going to order you released

7      subject to the conditions of pretrial release.  I am going

8      to order pretrial supervision.  Do you have a passport?

9              MR. COMER:  No, sir, I do not.

10             THE COURT:  You are not to leave the United

11     States.

12             MR. COMER:  Yes, sir.

13             THE COURT:  I am going to hand down these

14     conditions of release.  If you agree to abide by them, go

09:22 15     ahead and signed them.  I will inform you if you fail to

16     appear at any court appearance you will be looking at an

17     additional ten years imprisonment.  Any time you receive

18     will run consecutively; that is, in addition to any time

19     you get on this underlying offense.  Even if you get this

20     downward departure and probation is a consideration, you

21     could still go to jail.  Do you understand that?

22             MR. COMER:  Yes, sir.

23             THE COURT:  Mr. Comer, I am ordering you

24     released after processing with the Marshal.  You have to

25     go upstairs and give your fingerprints and picture and so

09:25   1    forth.  You have to meet with Pretrial Services today.

2    Any questions?

3              MR. COMER:  No, sir.

4              THE COURT:  What else?

5              MR. YANOWITCH:  Nothing from the government.

6              MR. MAJETA:  Thank you, Judge.

7              THE COURT:  You may be excused.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          C E R T I F I C A T I O N

2

3       I, Cassidi L. Casey, certify that during the

4    proceedings of the foregoing-styled and -numbered cause, I

5    was the official reporter and took in stenotypy such

6    proceedings and have transcribed the same as shown by the

7    above and foregoing Pages 1 through 50 and that said

8    transcript is true and correct.

9

10      I further certify that the transcript fees and format

11   comply with those prescribed by the court and the Judicial

12   Conference of the United States.

13

14

15                        s/Cassidi L. Casey

16                        _____
                          CASSIDI L. CASEY
                          UNITED STATES DISTRICT REPORTER
17                        NORTHERN DISTRICT OF TEXAS
                          DALLAS DIVISION
18                        CSR NUMBER 1703

19

20

21

22

23

24

25

< Dates >
**August 4** 39:4
**August 4th** 48:22
**July 29** 26:11, 31:23
**June 10, 2008** 1:17
**June 3rd** 39:11
**March 14** 41:14
**September 10, 9:30** 31:22
**September 15, 2008** 39:3, 48:21
**September 2nd, 2008** 26:9
**$250,000** 29:7, 35:18
**-numbered** 51:4

< 0 >
**07-331-G** 3:4
**07-CR-331-G** 1:13, 25:11
**08-CR-072** 9:14
**08-CR-072-N** 1:15
**08-CR-085-N** 1:12, 48:3
**08-CR-102-K** 1:14, 31:3
**08-CR-85** 7:19

< 1 >
**1** 17:19, 19:10, 19:16, 21:20, 21:21, 21:25, 24:10, 25:13, 25:16, 26:17, 27:18, 29:2, 30:2, 35:14, 42:2, 42:3, 44:21, 45:7, 46:12, 47:2, 48:5, 51:7
**1.48** 23:11
**11(c)(1)(b** 36:19
**11(e)(1)(c** 45:9
**1100** 1:31, 2:32
**1201** 2:17
**15D6L** 2:32
**1703** 51:21
**1717** 1:42
**1974.** 8:17
**1975.** 10:8
**1979.** 4:8
**1983.** 6:21
**1984** 16:8
**1:45** 26:10

< 2 >
**2** 21:22, 24:13, 25:14, 42:6,

44:19, 46:13, 47:6, 48:6
**2.** 25:16, 42:3
**2007** 23:12
**214-354-3139** 2:34
**214-659-8600** 1:33
**214-767-2647** 2:29
**214/537-1475** 2:7
**214/739-1419** 2:8
**214/747-2091** 1:45
**214/747-5070** 1:44
**214/939-8700** 2:19
**214/939-8787** 2:20

< 3 >
**3** 1:12, 1:13, 1:14, 1:15, 3:4, 7:19, 9:14, 25:11, 31:3, 32:4, 32:17, 33:5, 35:15, 38:13, 48:3
**3.** 38:15
**3.1a** 39:2
**330** 2:5

< 4 >
**4** 23:5
**4400** 2:16

< 5 >
**5** 23:6, 30:14
**50** 51:7
**5000** 1:42
**525** 2:27
**5646** 2:5

< 6 >
**629** 2:27

< 7 >
**7** 23:8
**75201** 1:43
**75202** 2:28
**75206** 2:6
**75242** 1:32, 2:33
**75270** 2:18

< 9 >
**9:00** 39:3
**9:40.** 48:22

< A >
**a.m.** 31:22, 39:3
**abide** 49:14
**abided** 39:9
**ability** 22:19, 29:15
**able** 16:21
**abolished** 17:3
**above** 51:7
**accept** 11:12, 20:23, 24:17, 25:17, 25:21, 30:6, 31:8, 31:12, 38:1, 38:16, 38:19, 44:1, 47:10, 48:9, 48:12
**accepted** 14:9, 21:11, 28:23, 35:7
**account** 16:16
**Act** 16:7, 22:11
**actual** 22:25
**actually** 14:15
**addition** 22:20, 23:10, 36:9, 46:23, 49:18
**additional** 23:14, 49:17
**adjourned** 40:2
**adjudged** 21:11, 25:19, 28:24, 31:9, 35:7, 38:17, 48:10
**admit** 19:12, 19:20, 27:13, 27:22, 33:2, 33:9, 42:18, 42:25
**admonishment** 39:20
**adversely** 22:19, 29:15
**advice** 20:5, 28:7, 34:4, 43:10
**advisory** 16:10
**affect** 22:19, 29:15
**afford** 13:15
**afforded** 34:4
**agree** 35:15, 49:14
**agreed** 45:9, 45:10, 46:12
**Agreement** 20:11, 20:14, 20:20, 20:23, 20:25, 21:4, 21:16, 21:18, 23:16, 24:5, 28:13, 34:8, 34:11, 34:17, 34:21, 34:24, 35:12, 42:2, 43:15, 43:17, 43:22, 44:1, 44:4, 44:17, 46:1, 46:15

**agrees** 23:13
**Aguirre** 3:3
**ahead** 49:15
**alcohol** 4:18, 7:4, 8:25, 10:20
**allegation** 24:14
**allow** 18:8, 25:6, 27:4, 30:22, 32:17, 38:7, 42:1, 42:9, 47:23
**allowed** 45:17
**alone** 13:18
**already** 26:6, 31:19
**America** 1:7, 3:3, 7:19, 25:11, 31:2, 48:2
**ammunition** 23:12
**answer** 3:20, 6:3, 8:7, 9:23
**anticipate** 23:1, 36:14
**Antonio** 3:3, 3:18
**anybody** 21:4, 28:15, 34:24
**appeal** 13:23, 17:2, 23:17, 23:19, 23:25, 37:7, 37:12, 46:3, 46:5
**appear** 49:16
**appearance** 48:24, 49:16
**appearing** 19:23, 27:25, 33:12, 33:22
**applicable** 16:11
**apply** 15:21, 16:6
**appoint** 13:14
**appointed** 33:16
**appointment** 25:25, 31:15, 38:22, 48:15
**appropriate** 25:4, 30:20, 45:14
**armed** 39:1
**aspect** 24:7, 29:23
**aspects** 37:19
**assessed** 28:25, 35:8, 44:13
**assessment** 22:10, 23:7, 29:13, 45:5, 45:20
**assigned** 11:8
**assistance** 13:12, 23:23, 37:10, 46:7
**assisted** 21:12
**associate** 33:20
**associated** 14:12
**assurance** 21:4, 28:16, 34:24
**assurances** 44:7
**assure** 39:15
**attempted** 21:8, 28:20, 35:4,

44:10
**attendance** 13:11
**attention** 13:2, 19:9, 27:11, 32:25, 42:16
**Attorney** 13:12, 13:14, 13:15, 14:21, 14:23, 16:15, 16:23, 19:24, 25:2, 28:1, 33:13, 38:3, 40:13, 40:25
**ATTORNEY'S** 1:30
**attorneys** 15:21, 41:2, 43:7, 47:14

**< B >**
**B.** 1:39
**based** 15:1
**basically** 25:20, 31:11, 48:11
**basis** 24:18, 30:7, 31:6, 38:1, 47:11
**bears** 24:21
**become** 22:19, 29:16
**begin** 31:16
**behalf** 7:22, 33:17
**believe** 5:1, 5:5, 7:9, 7:13, 9:5, 9:9, 10:25, 11:3, 40:10, 40:21, 42:5
**better** 18:24
**beyond** 13:21, 19:8, 19:17, 27:10, 27:19, 32:23, 33:6, 42:15, 42:22
**Bill** 7:22
**binding** 36:21
**bond** 39:5, 49:2
**born** 4:7, 6:20, 8:16, 10:7
**boshea@sbcglobal.net** 2:9
**bound** 16:14, 23:2, 36:15
**Brian** 2:3, 2:4, 3:7
**bring** 23:13, 23:19, 23:22, 37:6, 37:9
**brought** 40:13
**BROWN** 1:29, 5:11, 9:15, 32:1, 39:6, 39:25

**< C >**
**call** 5:9, 7:18, 9:13
**capable** 25:13, 31:4, 38:12, 48:4
**care** 4:10, 6:23, 8:19, 10:10
**Case** 3:4, 5:9, 7:18, 7:19,

9:13, 11:8, 12:24, 14:20, 15:5, 15:22, 16:6, 16:9, 16:22, 17:17, 25:10, 25:11, 31:2, 33:16, 40:16, 40:17, 40:24, 45:11, 48:2
**cases** 11:14
**CASEY** 2:31, 51:3, 51:15, 51:17
**CASSIDI** 2:31, 51:3, 51:17
**cause** 40:9, 40:21, 51:4
**certify** 51:3, 51:10
**challenge** 16:24, 23:17, 23:21, 23:25, 37:5, 37:8, 37:12, 46:3, 46:6
**charge** 13:3
**charged** 3:21, 6:4, 8:8, 9:24, 18:7, 19:2, 25:15, 27:4, 31:7, 32:16, 38:15, 40:5, 40:8, 40:12, 40:22, 42:1, 42:9, 48:8
**charges** 18:2, 20:2, 23:14, 23:15, 28:4, 34:1, 40:13, 41:21, 43:7
**Charles** 1:29, 5:11, 9:15
**choose** 13:2
**Chris** 2:14, 9:16
**circumstances** 17:1, 20:2, 24:3, 28:3, 34:1, 37:13, 37:16, 43:6
**citizen** 22:14, 22:20, 29:16, 36:2, 46:16
**citizenship** 36:6, 46:20
**claim** 23:22, 37:9
**client** 20:9, 28:11, 34:6, 43:13
**close** 13:1, 19:9, 27:11, 32:24, 42:16
**coercion** 15:8
**comfortable** 6:15
**Commerce** 1:31, 2:32
**Commission** 16:8, 40:5
**committed** 40:10, 40:11, 40:21
**committing** 19:12, 19:20, 27:13, 27:22, 33:2, 33:9, 42:18, 42:25
**compel** 13:10
**compelled** 13:16
**competent** 5:2, 7:10, 9:6, 11:1, 25:12, 31:4, 38:12, 48:4
**complete** 45:22

**comply** 51:11
**composed** 40:18
**condition** 24:18, 30:7, 47:11
**conditions** 22:7, 29:10, 39:6, 39:9, 39:13, 39:14, 45:2, 49:5, 49:7, 49:14
**conduct** 22:12, 35:24, 45:6
**Conference** 51:12
**confinement** 45:14
**confront** 13:7
**connected** 15:3
**consecutively** 49:18
**consent** 11:9, 11:15, 11:22, 12:13, 12:21, 12:25, 33:18, 40:12
**consider** 16:11
**consideration** 49:20
**consistent** 30:16, 47:19
**Constitution** 13:4, 40:7
**Constitutional** 12:25, 13:25
**contained** 21:1, 34:18, 43:23, 48:7
**containing** 25:15, 31:6, 38:14
**continue** 17:16
**control** 13:19
**controls** 35:13, 44:18
**convicted** 14:23
**Conviction** 13:23, 14:17, 36:5, 46:19
**cooperate** 37:2, 45:21
**cooperation** 26:4, 31:18, 38:25, 48:18
**copy** 17:23, 26:20, 32:7, 41:19
**corpus** 23:18, 46:4
**correct** 17:20, 17:21, 20:12, 26:17, 26:18, 32:5, 48:24, 48:25, 51:8
**costs** 22:12, 35:24, 45:8
**Counsel** 9:5, 10:25, 11:19, 12:2, 23:23, 37:10, 38:21, 39:1, 43:12, 46:8, 47:19, 48:14, 48:19
**counseling** 39:11, 39:12
**Count** 17:19, 18:21, 18:25, 19:10, 19:16, 21:21, 21:22, 21:25, 24:10, 24:13, 25:13, 25:14, 26:17, 27:17, 29:2, 30:2, 32:4, 32:17, 33:5,

35:15, 38:13, 38:15, 42:2, 42:3, 42:5, 42:6, 44:21, 45:7, 46:13, 47:2, 47:6, 48:5, 48:6
**Counts** 25:16
**crime** 14:15, 40:10, 40:21
**criminal** 16:9
**cross** 13:8
**CSR** 51:21
**currency** 23:11
**currently** 39:7


**< D >**
**DALLAS** 1:3, 1:32, 1:43, 2:6, 2:18, 2:28, 2:33, 51:20
**date** 25:22, 26:10, 38:19, 39:4, 39:14, 48:13, 48:22
**days** 11:13, 25:22, 31:12, 38:19, 48:13
**decide** 13:17, 15:6
**decided** 15:1
**decides** 36:23
**Defendant** 1:37, 2:1, 2:11, 2:23, 3:8, 5:14, 14:14, 18:17, 29:8, 38:12
**Defendants** 1:17
**DEFENDER** 2:26
**defense** 7:23, 13:13
**degree** 26:4, 31:18, 38:24, 48:18
**depart** 16:12
**departure** 37:3, 45:23, 49:20
**depend** 15:2
**deportation** 22:18, 29:14
**deposition** 45:15
**deprive** 36:6, 46:20
**described** 14:13
**determine** 16:21
**determined** 16:10
**determines** 14:16
**direct** 23:19, 37:7
**disability** 4:21, 7:1, 10:17
**discretion** 37:5
**discussed** 15:20, 16:5, 19:25, 20:1, 28:2, 28:3, 33:25, 41:2, 43:5, 43:6
**discussions** 33:23
**dismiss** 23:14
**disposition** 45:9
**disregard** 16:17

**DISTRICT** 1:1, 1:2, 11:8, 11:11, 13:6, 14:9, 14:25, 51:18, 51:19
**DIVISION** 1:3, 51:20
**docket** 42:3
**document** 20:13, 20:14, 21:1, 21:19, 34:10, 34:11, 34:15, 34:18, 35:12, 43:18, 43:20, 43:23, 44:17
**doing** 4:24, 7:7, 9:3, 10:23
**dollars** 22:3, 22:10, 23:7, 23:11, 29:13, 45:5, 45:21
**doubt** 13:21, 19:8, 19:17, 27:10, 27:19, 32:23, 33:6, 42:16, 42:23
**down** 49:13
**downward** 37:3, 45:23, 49:20
**drug** 4:18, 7:4, 8:25, 10:20
**due** 26:10, 31:23, 39:4, 48:22
**during** 26:7, 51:3


**< E >**
**Eduardo** 1:14, 5:18, 6:1
**effort** 21:5, 28:17, 34:25
**eighteen** 45:12
**Eighty** 6:14
**elements** 19:7, 19:10, 19:13, 19:15, 25:15, 27:9, 27:12, 27:15, 27:17, 31:6, 32:22, 32:25, 33:3, 33:5, 38:15, 42:14, 42:17, 42:19, 42:21, 48:8
**Elm** 2:17
**Email** 1:34, 1:46, 2:9, 2:21
**emotional** 4:21, 7:1, 8:22, 10:16
**encompasses** 23:11
**enforcement** 15:4
**English** 3:25, 6:8, 6:13, 8:12, 10:3
**enter** 5:2, 7:10, 9:6, 11:1, 11:7, 20:20, 34:21, 38:12, 44:4
**entered** 21:17, 25:19, 31:10, 38:18, 48:10
**entering** 25:13, 31:4, 48:4
**entire** 22:8, 29:11, 35:22

**entirely** 23:6, 29:21, 37:4, 45:24
**entitled** 20:13, 34:10
**errors** 23:21, 37:8, 46:6
**Essential** 19:6, 19:10, 19:13, 19:15, 25:15, 27:9, 27:11, 27:15, 27:17, 31:6, 32:22, 32:25, 33:3, 33:5, 38:15, 42:13, 42:17, 42:19, 42:21
**event** 16:20, 46:18
**everything** 26:8, 31:21, 48:20
**evidence** 13:10
**examination** 4:13
**examine** 13:8
**exceed** 22:2, 22:3, 29:4, 29:7, 35:17, 35:18
**exceeding** 46:5
**exceeds** 23:20, 37:7
**except** 14:20, 24:3, 37:16
**exception** 17:16
**excused** 32:2, 50:7
**explanations** 13:25, 15:11, 17:6

**< F >**
**facing** 22:22, 29:3, 29:18, 36:10, 46:24
**fact** 31:6
**factor** 26:4, 31:18, 38:25, 48:18
**facts** 14:20, 15:1, 16:14, 16:17, 16:18, 16:24, 20:1, 24:24, 25:6, 28:3, 30:13, 30:14, 30:17, 33:25, 38:3, 38:4, 38:6, 43:6, 47:17, 47:20, 48:7
**Factual** 24:18, 24:20, 24:23, 24:24, 30:7, 30:8, 30:24, 38:1, 38:2, 47:11, 47:12
**fail** 49:15
**false** 3:21, 6:4, 8:8, 9:24
**falsely** 3:20, 6:3, 8:7, 9:23
**favor** 13:11
**FAX** 1:45, 2:8, 2:20
**FEDERAL** 2:26, 14:15
**fees** 51:10
**felony** 36:5, 40:5, 40:8, 40:13, 46:19, 46:20

**file** 11:13, 25:22, 31:12, 37:3, 38:20
**filed** 24:5, 37:18, 40:14, 41:14, 46:15
**files** 45:23
**filing** 12:24, 40:14
**find** 40:20
**findings** 11:13, 25:20, 25:23, 31:10, 38:18, 38:20, 48:11, 48:13
**finds** 25:12, 31:3, 38:11, 40:9, 41:17, 48:3
**fine** 22:2, 29:6, 35:18
**fingerprints** 49:25
**firearm** 36:8
**firearms** 23:12, 46:22
**firm** 33:20
**Fish** 1:41, 20:22, 21:11, 21:12, 23:6, 24:17, 25:17, 25:21
**five** 22:5, 24:21, 29:6, 44:23
**follow** 16:9, 22:6, 35:20, 36:24, 45:1
**followed** 45:12
**following** 13:5, 23:8
**follows** 22:1, 29:3, 44:23
**force** 21:8, 28:20, 35:4, 44:10
**foregoing** 24:9, 30:1, 51:7
**foregoing-styled** 51:4
**forfeit** 22:13, 23:7, 46:13
**Forfeiture** 18:21, 18:25, 21:23, 24:14, 35:25, 42:6
**form** 11:15
**format** 51:10
**forms** 12:25
**forth** 33:25, 50:1
**found** 13:22, 19:9, 19:18, 27:20, 32:24, 33:7, 42:15, 42:23
**four** 22:3, 30:9, 47:13
**fourth** 47:14
**Franklin** 1:15, 2:11, 9:14, 9:21
**free** 20:20, 34:20, 44:4, 46:2
**front** 20:14, 24:20, 30:8, 34:11, 47:12
**full** 3:16, 5:24, 8:3, 9:19
**fully** 5:2, 7:10, 9:6, 11:1, 20:4, 28:6, 31:4, 34:3, 38:12,

43:9, 45:24, 46:2, 48:4

**< G >**
**gain** 22:3, 29:7
**Generally** 14:14
**getting** 39:15
**give** 26:2, 31:17, 38:24, 48:17, 49:25
**given** 14:24, 20:5, 25:10, 28:7, 31:2, 38:11, 43:10, 48:2
**giving** 45:22
**Godbey** 35:7, 36:23, 38:1, 38:16, 38:18, 39:19, 43:25, 45:16, 45:25, 47:10, 48:9, 48:12
**Government** 1:27, 5:11, 7:21, 9:15, 14:22, 15:4, 16:16, 16:24, 17:2, 19:7, 19:16, 20:10, 21:1, 23:13, 23:16, 24:23, 26:11, 27:9, 27:18, 28:12, 32:22, 33:5, 34:8, 34:13, 34:18, 37:3, 37:4, 39:4, 40:16, 42:14, 42:22, 43:14, 43:23, 45:10, 45:23, 46:1, 49:1, 49:3, 50:5
**grand** 40:8, 40:17, 40:18, 40:20, 40:22, 40:23, 41:3, 41:6, 41:12
**grant** 45:25
**Griffin** 2:27
**guarantees** 13:4
**Guidelines** 15:21, 16:6, 16:9, 16:10, 16:12, 16:13, 16:22, 19:25, 28:2, 33:24, 36:19, 43:5
**guilt** 13:21

**< H >**
**habeas** 23:18, 46:4
**hand** 3:13, 5:20, 7:25, 14:8, 16:15, 49:13
**happens** 25:24, 31:14, 38:21, 48:14
**HARPER** 2:25, 5:12, 5:16, 7:9, 7:12, 7:16, 26:15, 26:18, 27:25, 28:3, 28:10, 28:14, 30:10, 30:18, 30:19, 31:14, 31:19, 31:25

**hear** 13:8
**heard** 15:2, 24:9, 30:1
**HOGUE** 2:14, 9:16, 32:6, 33:14, 33:15, 33:17, 33:21, 33:22, 33:24, 34:9, 40:1
**hold** 36:7
**home** 45:13
**Honor** 3:10, 5:4, 5:7, 5:16, 7:2, 7:12, 7:16, 7:21, 7:23, 9:8, 9:11, 17:21, 18:13, 20:12, 26:12, 26:14, 26:18, 28:14, 30:19, 30:25, 32:6, 34:9, 42:5, 43:16
**Honorable** 1:23
**huge** 39:21
**hundred** 22:10, 23:7, 29:13, 45:5, 45:21

**< I >**
**impact** 39:21
**important** 13:1
**impose** 21:24, 35:17, 44:22
**imposed** 29:5, 29:9, 45:5
**imprisoned** 22:8, 29:11, 35:22, 45:3
**imprisonment** 22:1, 22:6, 29:4, 35:17, 35:21, 44:23, 45:1, 45:11, 49:17
**incarceration** 22:13, 35:25, 45:8
**includes** 22:1
**including** 13:10
**independent** 31:5
**indict** 40:18, 40:22, 40:23
**indicted** 41:1
**Indictment** 17:20, 17:23, 18:19, 19:3, 19:10, 19:16, 21:22, 21:25, 23:10, 24:10, 26:17, 26:20, 27:8, 27:18, 29:3, 30:2, 32:4, 32:8, 32:21, 35:16, 38:14, 40:9, 40:12, 40:15, 40:24, 41:3, 41:6, 41:9, 41:11, 41:18, 42:4, 42:13, 47:3
**induce** 41:9
**induced** 15:7
**ineffective** 23:22, 37:10, 46:7
**influence** 4:17, 7:3, 8:24,

10:19
**inform** 11:6, 16:7, 49:15
**information** 26:1, 26:2, 31:17, 38:24, 40:12, 40:15, 40:25, 41:19, 44:21, 45:7, 45:22, 46:14, 47:6, 47:7, 48:5, 48:6, 48:17
**informed** 25:13, 31:5, 38:13, 48:5
**initial** 48:23
**instructed** 39:1
**interest** 23:8
**interpreter** 3:9, 5:15, 6:16, 6:17
**interview** 26:3, 26:8, 38:23, 48:16
**investigation** 30:17, 47:20
**issue** 31:24
**issued** 16:9

**< J >**
**jail** 39:15, 49:21
**John** 1:15, 2:11, 9:13, 9:21
**Jose** 1:13, 3:18
**Judge** 1:23, 11:8, 11:10, 11:11, 14:9, 14:16, 14:25, 16:13, 20:22, 21:11, 21:12, 23:6, 24:17, 25:17, 25:21, 28:23, 29:21, 30:6, 31:7, 31:11, 35:7, 36:21, 36:23, 37:25, 38:16, 38:18, 39:19, 43:25, 45:16, 45:25, 47:10, 47:21, 48:8, 48:11, 50:6
**judges** 39:19
**judgment** 13:18
**Judicial** 51:11
**Junior** 9:21
**jurors** 40:20
**jury** 13:6, 14:18, 19:8, 19:17, 27:10, 27:19, 32:23, 33:6, 36:7, 40:8, 40:17, 40:18, 40:22, 40:23, 41:3, 41:6, 41:12, 42:15, 42:22, 46:21

**< K >**
**Keep** 39:18
**Keith** 1:28, 3:5
**kind** 14:10, 15:8, 21:5,

28:16, 34:25, 44:7
**Kinkeade** 28:23, 29:21, 30:6, 31:8, 31:11
**KIPRIAN** 1:40
**knowing** 5:6, 7:14, 9:10, 11:4, 25:14, 38:14, 48:6
**knowingly** 41:18
**knowledge** 39:2

**< L >**
**L.** 2:31, 51:3, 51:15, 51:17
**language** 3:25, 4:3, 6:8, 6:11, 8:12, 10:3
**last** 4:9, 6:22, 8:18, 10:9, 20:16, 24:22, 30:9, 34:13, 43:19
**later** 3:21, 6:4, 8:8, 9:24
**latter** 39:10
**Laura** 2:25, 5:12
**Law** 2:4, 15:3, 22:6, 35:20, 45:1
**lawyer** 39:23
**least** 40:18, 40:19
**leave** 49:10
**Lee** 8:5
**leniency** 14:25
**less** 22:2, 22:5, 29:6
**life** 22:2
**limited** 24:3, 37:12, 37:16
**listed** 23:9
**lists** 23:9
**long** 16:13, 20:15, 24:21, 30:9, 34:12, 43:18, 47:13
**looking** 49:16
**Lopez** 3:3, 11:17
**loss** 22:4, 29:8, 44:24
**loud** 18:6, 27:2, 32:15, 41:24, 42:8

**< M >**
**Magistrate** 1:23, 11:10
**Main** 1:42
**MAJETA** 43:3, 43:16, 43:19, 47:21, 48:25, 50:6
**Mandatory** 22:5, 22:9, 22:11, 29:12, 35:20, 44:25, 45:4, 45:20
**MARK** 2:13

**Marshal** 49:24
**MATEJA** 1:39, 7:22, 9:8, 9:11, 11:2, 11:5
**mateja@fr.com** 1:46
**mathematical** 23:20, 37:8, 46:6
**matter** 3:2, 13:18, 20:6, 24:6, 26:9, 28:8, 39:5, 41:2, 43:4, 46:16
**matters** 26:11
**maximum** 21:24, 22:21, 23:20, 35:16, 37:8, 44:22, 46:6
**medication** 4:15, 10:14
**meet** 50:1
**Mendrygal** 1:40, 43:3, 43:19
**mental** 4:20, 6:25, 8:21, 10:17
**mentally** 21:7, 28:19, 35:3, 44:9
**Michael** 1:12, 7:19, 8:5, 48:3
**Miller** 38:3
**million** 22:3, 23:11
**Milton** 2:5
**mind** 4:23, 7:6, 9:2, 10:22, 39:18
**missed** 39:10
**months** 4:9, 6:22, 8:18, 10:9, 45:12, 45:13
**morning** 44:20
**motion** 37:3, 45:23
**MR. ROBINSON** 18:18, 18:20, 18:23, 26:12
**Ms** 5:12, 5:16, 7:9, 7:12, 7:16, 26:15, 26:18, 27:25, 28:3, 28:10, 28:14, 30:10, 30:18, 30:19, 31:14, 31:19, 31:25, 38:3
**mwerbner@swtriallaw.com** 2:21

**< N >**
**name** 3:16, 5:24, 8:4, 9:19
**necessary** 13:14
**need** 3:8, 5:14, 24:6, 29:23, 37:19
**negotiations** 20:9, 28:11, 34:7, 43:13
**new** 39:12

**next** 5:9, 7:18, 9:13, 25:24, 31:14, 38:21, 48:14
**nine** 20:14
**No.** 4:1, 4:16, 4:19, 4:22, 10:21, 18:1, 21:6, 22:16, 24:8, 39:25
**normal** 49:5
**NORTHERN** 1:2, 51:19
**Nothing** 26:12, 26:14, 50:5
**NUMBER** 1:12, 1:13, 1:14, 1:15, 3:4, 7:19, 9:14, 25:11, 51:21
**numerous** 23:12

**< O >**
**O'SHEA** 2:3, 2:4, 3:7, 3:10, 5:1, 5:4, 5:7, 17:18, 17:21, 18:13, 19:23, 19:25, 20:8, 20:12, 24:22, 25:24, 26:6, 26:13, 26:14
**oath** 3:13, 3:20, 5:21, 6:3, 8:7, 9:23
**object** 48:13
**objection** 11:13, 25:22, 38:20
**objections** 31:13
**October** 23:12
**offense** 19:7, 22:17, 25:19, 27:9, 28:24, 29:13, 31:7, 31:9, 32:22, 33:7, 35:8, 36:4, 38:17, 40:5, 42:21, 49:19
**offenses** 48:10
**Office** 1:30, 2:4, 25:25, 31:15, 36:7, 38:22
**officer** 16:25
**official** 51:5
**old** 4:5, 6:18, 8:14, 10:5
**one** 7:17, 9:12, 16:15, 22:10, 23:7, 29:6, 29:13, 45:4, 45:5, 45:21
**open** 15:2
**opportunity** 14:24, 16:24
**order** 12:24, 24:5, 31:23, 37:18, 46:15, 49:6, 49:8
**ordered** 22:11, 22:12, 35:24, 45:6
**ordering** 49:23
**otherwise** 23:17, 23:25, 46:3
**Outside** 21:3, 34:23

**own** 20:19, 34:20, 44:3

**< P >**
**p.m.** 26:10
**Page** 21:20, 24:22, 30:10, 35:14, 43:19, 44:19, 47:14
**Pages** 20:15, 20:16, 24:21, 30:9, 34:11, 34:13, 43:18, 47:13, 51:7
**paid** 45:21
**Paragraph** 23:5, 23:6, 23:8, 30:14, 46:12
**Parole** 17:2, 17:4
**part** 39:10
**passport** 49:8
**Paul** 1:23, 1:27, 7:20
**paul.yanowitch@usdoj.gov** 1:34
**pay** 13:1, 19:9, 22:12, 23:6, 27:11, 32:24, 42:16, 45:8
**pecuniary** 29:7
**penalties** 36:10, 46:25
**penalty** 14:16, 15:1, 15:5, 21:24, 29:3, 29:20
**percent** 6:14
**period** 22:1, 29:4, 45:3
**perjury** 3:21, 6:4, 8:8, 9:24
**permitted** 16:19
**persists** 13:3
**personal** 49:4
**persons** 40:19
**Phone** 1:33, 1:44, 2:7, 2:19, 2:29
**physically** 21:7, 28:19, 35:3, 44:9
**physician** 4:10, 6:23, 8:19, 10:10
**picture** 49:25
**Plaintiff** 1:8
**plead** 14:8, 14:14, 15:6, 15:9, 20:9, 21:5, 21:8, 21:9, 21:21, 21:22, 24:10, 24:13, 28:11, 28:17, 28:20, 30:2, 34:7, 34:25, 35:4, 35:15, 36:11, 37:22, 43:13, 44:7, 44:10, 44:20, 46:25, 47:2, 47:6
**pleading** 14:11, 15:12, 17:19, 18:22, 22:18, 22:23,

26:16, 29:2, 29:14, 29:18,
32:4, 36:5, 46:18
**pleas** 11:7, 11:12, 14:25,
16:19, 25:14, 25:15, 25:18,
47:10, 47:12, 48:7
**Please** 3:16, 5:20, 5:24, 8:3,
9:19
**Plus** 23:12, 29:12
**position** 39:5, 49:1, 49:3
**possess** 36:8, 46:21
**power** 13:9
**prepared** 16:23
**prescribed** 51:11
**presence** 14:20
**present** 14:22, 14:24, 40:17
**Presentence** 16:22, 26:2,
26:3, 26:10, 31:16, 31:23,
38:23, 39:3, 48:16, 48:21
**pressure** 15:8
**Pretrial** 39:8, 39:20, 49:7,
49:8, 50:1
**prison** 17:3
**probable** 40:9
**Probation** 10:13, 16:25,
25:25, 29:5, 31:15, 38:22,
48:15, 49:20
**problem** 4:21, 7:1, 8:22,
18:16
**problems** 39:22
**proceed** 11:9, 11:23, 12:5,
12:13, 12:22, 40:24
**proceeding** 11:15
**proceedings** 13:13, 21:23,
51:4, 51:6
**process** 13:9, 26:7, 31:20,
39:2, 48:16
**processing** 49:24
**production** 13:10
**profit** 22:13
**promise** 15:3, 15:7, 21:4,
28:16, 34:24, 44:6
**promises** 41:8
**proper** 45:10
**property** 23:9, 36:1, 46:13
**proposed** 16:25
**proposing** 5:6, 7:14, 9:10,
11:4
**prosecute** 46:2
**protected** 21:19
**prove** 13:21, 19:8, 19:17,

27:10, 27:19, 32:23, 33:6,
42:14, 42:22
**provided** 21:13, 28:25, 35:9,
44:14
**proving** 39:19
**provisions** 23:18, 46:4
**proximate** 40:20
**psychiatrist** 4:10, 6:23, 8:19,
10:10
**PUBLIC** 2:26, 13:6, 36:7
**punishment** 21:12, 22:21,
22:23, 24:7, 28:24, 29:18,
29:24, 35:8, 35:16, 36:9,
44:12, 44:13, 44:22, 45:11
**pursue** 40:16


**< Q >**
**questions** 3:20, 6:3, 8:7,
9:23, 50:2


**< R >**
**raise** 3:13, 5:20, 7:24
**range** 21:13, 28:25, 35:9,
44:13
**re-enter** 29:15
**reading** 18:8, 18:9, 18:12,
25:6, 25:7, 25:8, 27:4, 27:5,
27:6, 27:8, 30:23, 32:17,
32:18, 32:21, 38:8, 42:1,
42:9, 42:10, 42:12, 47:24
**Rearraignment** 1:22
**reason** 5:1, 7:9, 9:5, 15:10
**reasonable** 13:21, 19:8,
19:17, 27:10, 27:19, 32:23,
33:6, 42:16, 42:23
**reasonably** 16:13
**receive** 22:9, 29:12, 35:24,
49:17
**received** 17:22, 26:20, 32:7,
41:19
**recognizance** 49:4
**recommend** 30:5, 37:25,
47:9
**recommendation** 24:17,
36:18, 36:20
**recommendations** 11:11
**recommended** 25:17, 31:7,
38:16, 48:8

**recommending** 25:20, 31:11
**record** 3:17, 5:25, 8:4, 9:20,
19:11, 21:16, 25:5, 27:12,
30:21, 33:1, 35:12, 44:17
**Reform** 16:7
**reject** 11:12
**rejects** 45:16
**release** 22:5, 22:8, 22:9,
29:9, 29:10, 29:12, 35:19,
35:22, 35:23, 39:10, 44:24,
45:3, 45:12, 49:7, 49:14
**released** 17:4, 49:4, 49:6,
49:24
**relevant** 35:23, 45:6
**rely** 15:2
**remain** 39:6
**remaining** 23:15
**Renaissance** 2:16
**Report** 16:23, 26:2, 26:3,
26:10, 31:16, 31:17, 31:23,
38:23, 38:24, 39:4, 39:8,
48:16, 48:17, 48:21
**Reported** 2:31
**REPORTER** 51:5, 51:18
**reports** 39:18
**represent** 13:14
**representation** 20:5, 28:7,
34:4, 43:10
**representatives** 14:21,
34:14
**representing** 43:4
**request** 40:17
**required** 13:21, 16:7, 16:11,
19:6, 27:8, 32:21, 42:13,
42:14, 45:7
**reschedule** 39:12
**reserved** 23:19, 37:6, 46:4
**responses** 25:10, 31:2,
38:11, 48:2
**Restitution** 22:10, 22:11,
35:23, 45:6, 45:14
**result** 20:9, 22:18, 28:11,
29:14, 34:7, 43:13
**resulted** 20:10, 28:12, 34:8,
43:14
**results** 46:5
**Resume** 24:20, 24:23, 24:24,
30:8, 30:24, 38:2, 47:12
**return** 40:9
**reviewed** 47:22

**Richardson** 1:41
**rights** 13:1, 13:5, 13:25,
14:11, 14:12, 21:20, 21:21,
23:6, 24:2, 35:14, 35:15,
36:6, 36:8, 37:15, 44:19,
44:20, 46:10, 46:20, 46:22,
46:23
**Rm** 2:32
**Robinson** 1:28, 3:5
**run** 49:18
**runs** 26:8, 31:21, 48:20

**< S >**
**S.** 2:13
**s/cassidi** 51:15
**SALDANA-VAQUEZ** 15:25
**satisfied** 20:4, 25:9, 28:6,
31:1, 34:3, 38:10, 43:9, 48:1
**saying** 18:13
**SAYLES** 2:15
**says** 26:24, 32:12
**scheduling** 31:23
**seat** 17:15
**seeing** 18:7, 27:3, 32:16,
41:25, 42:8
**seized** 23:11
**sentence** 23:1, 23:18, 23:20,
23:25, 26:5, 31:19, 36:14,
37:6, 37:7, 37:12, 39:1,
39:22, 46:3, 46:5, 48:19
**sentenced** 17:3, 36:19
**Sentencing** 15:21, 16:6,
16:7, 16:8, 16:12, 17:6,
19:25, 23:5, 23:15, 26:9,
28:2, 31:22, 33:24, 37:8,
39:2, 39:14, 43:5, 48:21,
48:22
**serve** 36:7, 46:21
**Services** 3:8, 5:14, 39:9,
50:1
**session** 3:2, 39:11, 39:12
**set** 25:25, 26:9, 31:14, 38:21,
38:22, 39:2, 48:15
**seven** 43:18
**severe** 23:1, 36:14
**severity** 26:4, 31:18, 38:25,
48:19
**sheet** 42:3
**shown** 47:20, 51:6

**side** 5:8, 7:17, 9:12
**signature** 20:15, 24:21, 30:9,
34:12, 43:18, 47:13
**signed** 11:14, 11:20, 12:3,
12:10, 12:18, 20:17, 25:2,
30:11, 34:15, 38:2, 43:20,
47:15, 49:15
**simply** 36:20
**six** 4:9, 6:22, 8:18, 10:9,
34:11, 45:13
**sixteen** 40:18
**skip** 21:18, 35:13, 44:18
**smoothly** 26:8, 31:21, 48:20
**somewhere** 21:13, 28:25,
35:9, 44:13
**sorry** 18:13, 33:15, 47:5
**sound** 4:23, 7:6, 9:2, 10:22
**Spanish** 4:3, 6:11, 17:25,
20:17, 26:22, 30:11
**special** 22:9, 23:7, 29:12,
45:4, 45:20, 48:8
**speedy** 13:6
**stages** 13:13
**stand** 40:2
**start** 48:15
**state** 3:16, 5:24, 8:3, 9:19
**stated** 24:24, 30:13, 38:4
**statement** 3:22, 6:5, 8:9,
9:25, 15:3
**STATES** 1:1, 1:7, 1:30, 3:3,
3:6, 5:9, 7:18, 9:13, 11:8,
11:10, 13:4, 13:20, 16:8,
22:15, 22:20, 25:10, 29:16,
31:2, 36:2, 40:7, 40:13,
40:25, 46:16, 48:2, 49:11,
51:12, 51:18
**statute** 21:13, 28:25, 35:9,
44:14
**statutory** 23:20, 37:7, 46:6
**stenotypy** 51:5
**step** 5:8, 7:17, 9:12
**Stickney** 1:23
**stipulated** 16:14, 16:18,
30:14
**stipulation** 16:17
**Street** 1:31, 1:42, 2:17, 2:27,
2:32
**subject** 49:4, 49:7
**suffer** 4:20, 6:25, 8:21, 10:16
**Suite** 1:42, 2:5, 2:27

**summarize** 21:15, 35:11,
44:16
**superceding** 19:16
**superseding** 17:20, 21:22,
21:25, 24:10
**supervised** 22:4, 22:7, 22:9,
29:8, 29:10, 29:11, 35:18,
35:21, 35:23, 44:24, 45:2,
45:12
**supervision** 22:13, 35:25,
45:8, 49:8
**support** 24:19, 30:7, 38:2,
47:11
**supported** 31:5, 48:7
**surrounding** 20:2, 28:4,
34:1, 43:6
**swear** 3:13, 5:21
**Sworn** 3:11, 3:14, 5:17, 5:22,
8:1, 9:18

**< T >**
**talks** 21:20, 35:14, 44:19
**ten** 11:12, 22:2, 25:22,
31:12, 35:17, 38:19, 48:12,
49:17
**term** 22:1, 22:4, 22:6, 22:8,
29:4, 29:5, 29:8, 29:11,
35:17, 35:18, 35:20, 35:21,
35:22, 44:23, 44:24, 45:1,
45:11, 45:12
**terms** 20:25, 34:17, 43:22,
49:5
**testify** 13:17
**TEXAS** 1:2, 1:32, 2:28, 2:33,
51:19
**Thirty-three.** 8:15
**Thirty-two.** 10:6
**though** 16:5, 18:5, 18:11,
19:5, 27:7, 32:20, 40:25,
42:12
**threats** 15:7, 41:8
**three** 29:9, 35:19, 44:25,
45:13
**today** 4:24, 7:7, 9:3, 10:23,
11:23, 12:6, 12:14, 19:24,
25:22, 28:1, 28:17, 31:12,
33:13, 33:23, 35:1, 38:19,
48:13, 50:1
**took** 51:5

**touch** 39:23
**Tower** 2:16
**transcribed** 51:6
**transcript** 51:8, 51:10
**trial** 13:6, 13:7, 13:16, 13:20, 14:10, 14:12, 14:13
**True** 18:22, 21:22, 24:14, 24:15, 24:24, 25:6, 25:14, 25:18, 30:14, 30:17, 30:22, 38:4, 38:7, 47:7, 47:8, 47:10, 47:17, 47:20, 47:23, 48:6, 48:12, 51:8
**trusted** 39:21
**truthful** 45:22
**turn** 20:10, 28:12
**twelve** 40:20
**twenty** 29:4
**Twenty-five** 6:19
**Twenty-nine.** 4:6
**twenty-three** 40:19
**twice** 22:3, 29:7
**two** 20:16, 45:4
**TX** 1:43, 2:6, 2:18


**< U >**
**underlying** 49:19
**understanding** 17:18, 26:16, 32:3
**UNITED** 1:1, 1:7, 1:30, 3:3, 3:5, 5:9, 7:18, 9:13, 11:8, 11:9, 13:4, 13:20, 16:8, 22:14, 22:20, 25:10, 29:16, 31:2, 36:2, 40:7, 40:13, 40:25, 46:16, 48:2, 49:10, 51:12, 51:18
**unless** 14:15, 40:8
**until** 16:22
**upstairs** 49:25
**USSG** 39:2


**< V >**
**valuable** 36:6, 46:20, 46:22
**Vasquez** 31:4, 31:8
**verdict** 14:17
**versed** 26:7, 31:20
**versus** 3:3, 7:19, 25:11, 31:3, 48:3
**victim** 22:4, 29:8, 44:24

**violate** 22:7, 23:15, 35:21, 39:13, 39:14, 45:25
**violated** 29:10, 45:2
**visit** 26:1, 31:16
**voluntarily** 15:9, 20:19, 21:17, 34:20, 41:18, 44:3, 46:13
**voluntariness** 23:21, 37:9, 46:7
**voluntary** 5:6, 7:15, 9:10, 11:4, 25:14, 38:14, 48:7
**vote** 36:7, 46:21
**vs** 1:10


**< W >**
**Waive** 17:1, 18:8, 21:20, 24:2, 25:6, 25:7, 25:8, 27:4, 27:5, 27:6, 30:23, 30:25, 32:17, 32:18, 35:15, 37:15, 38:7, 38:8, 40:11, 40:15, 40:23, 41:9, 41:11, 42:1, 42:9, 42:10, 42:11, 42:12, 44:20, 47:23, 47:24
**waived** 18:11, 23:17, 27:7, 32:20, 37:5, 46:2, 46:9
**waiver** 23:22, 37:9, 41:14, 41:18
**waiving** 14:11, 41:3
**wants** 18:14
**Werbner** 2:13, 2:15, 33:12, 33:16, 33:24, 34:12
**Whether** 13:17, 14:16, 15:3, 37:4, 45:22, 45:24
**WILLIAM** 1:39
**willingness** 20:8, 28:10, 34:6, 43:12
**wish** 11:22, 12:5, 12:13, 12:21, 18:6, 18:8, 24:2, 25:7, 27:3, 27:5, 30:23, 32:16, 32:18, 37:15, 38:8, 41:11, 41:25, 42:10, 42:11, 47:24
**wishes** 40:16
**withdraw** 16:19, 23:3, 36:16, 36:24, 45:17
**witnesses** 13:8, 13:11
**Worried** 10:13
**write** 3:24, 4:2, 6:7, 6:10, 8:11, 10:2
**written** 21:3, 21:19, 34:23,

35:12, 44:17


**< Y >**
**YANOWITCH** 1:27, 7:20, 42:5, 49:3, 50:5
**year** 4:7, 6:20, 8:16, 10:7
**years** 6:19, 22:2, 22:5, 29:5, 29:6, 29:9, 35:17, 35:19, 44:24, 44:25, 45:4, 45:13, 49:17
**yourself** 22:4